[Crim. No. 32540. Second Dist., Div. Four. May 17, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WONG, Defendant and Appellant.

152

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Donald L. A. Kerson and Susan L. Burrell, Deputy State Public Defenders, for Defendant and Appellant.

Burt Pines, City Attorney, and Ward G. McConnell, Assistant City Attorney, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—Defendant Wong, admittedly an indigent, received a traffic citation for failure to possess proper vehicle registration, in violation of section 4000 of the Vehicle Code. He failed to appear; he was charged with a violation of section 40508 of the Vehicle Code, was arrested, pled guilty and received a fine of $50 plus a penalty assessment of $15. He appealed to the appellate department of the superior court. He sought the appointment of counsel at public expense on that appeal. The appellate department appointed counsel for the limited purpose of briefing his right to such counsel. After consideration of that brief, the appellate department denied the request. We ordered the case transferred under California Rules of Court, rule 62 and appointed counsel. The matter has been briefed and submitted. For the reasons set forth below, we deny the application.[1]

Although the briefs presented to us discuss a broad range of constitutional matters, we limit our determination in this case to the following issue:

Is an indigent defendant, convicted of a nonmoving traffic offense, which is a misdemeanor, who has received only a fine and penalty of $65, constitutionally entitled to counsel at public expense on his appeal from that fine?

Thus we do not here consider the rights of a defendant convicted of an infraction, or of a misdemeanor moving traffic violation, or of a misdemeanor where the sentence imposed amounted to a term of imprisonment or a fine of a substantial amount.

It is well settled that a defendant charged with any misdemeanor is entitled to counsel, at his own expense, on an appeal from a judgment of conviction. It is equally well settled that, in California, an

---

[1] The appellate department has considered only the question of the right to counsel; it has not yet passed on the merits of the appeal. Having, in this opinion, decided that issue, we retransfer the case to the appellate department for consideration of the merits.

indigent defendant charged with either a felony or a misdemeanor is entitled to counsel at public expense at his trial. (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273].) ■■■■ ■■ ■■ It is also the law that the same right to counsel exists in the case of an appeal in a felony case (*Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]) and of an appeal in a misdemeanor case where a sentence of imprisonment has been imposed. (*Argersinger* v. *Hamlin* (1972) 407 U.S. 25 [32 L.Ed.2d 530, 92 S.Ct. 2006].)[2] We are cited to no cases, and we know of none, that have held that a criminal defendant is entitled to counsel at public expense in situations other than those above listed.

Language in some of the cases above cited, and in other cases following them, has spoken in terms of whether the cases before them exposed a defendant to a "substantial" or "serious" effect. Thus, we leave for a case where it is involved the situation where a misdemeanor defendant has been subjected to a fine so large as to be regarded as "substantial"; as we have said above, we deal only with the case before us where the fine is in minimum amount. For the same reason, we lay aside situations involving moving traffic violations where serious and substantial effects of conviction are collateral consequences. ■■ *Contrary to the contention of* defense counsel. the record before us does not show that the conviction herein involved will have any collateral consequence; the only consequence in this case is the loss to defendant of $65.

However, the argument here made to us is that, where a defendant is indigent, the payment of a fine, in any amount, involves serious personal consequences. It is argued, also, that, since a defendant in a case such as that before us has an undoubted right to be represented by privately retained counsel, the denial of free counsel to this indigent defendant amounts to a denial of equal protection of the law.

I

It cannot be denied that the payment of a fine, in any amount, has undesirable consequences to any defendant, rich or poor, and that the impact of a fine increases as the personal wealth of the defendant decreases. Nor can it be questioned that distinctions based on wealth alone are within the "suspect" category, as that term is used in

---

[2]In the federal courts, a person charged with a misdemeanor is entitled to counsel only if the penalty imposed is imprisonment. (*Scott* v. *Illinois* (1979) 440 U.S. 367 [59 L.Ed.2d 383, 99 S.Ct. 1158].)

constitutional law cases. However, the state is not required to provide protection against every minor mishap that may follow from indigency. In the case of a nonindigent defendant, faced with a fine of the amount herein involved imposed for this kind of nonmoving traffic violation, there exists a strong incentive not to appeal unless the case involves some personal reason that makes the defendant willing to undergo the substantial expense of appeal for that highly personal reason. But in the case of an indigent defendant, that limiting incentive will be nonexistent if his appeal may be prosecuted without expense to him. The result, if human nature repeats itself, will be a major increase in the appeals, worthy or not,[3] of minor traffic convictions. That trend, as many published reports show, already exists in cases of felony appeals, as we are flooded, almost beyond our powers to decide, with a large number of totally frivolous indigent felony appeals; we are not persuaded to add to that burden on this court a similar burden on the appellate departments. In so saying, we are not basing our decision on any potential increased economic cost to the state; our concern is not with economic cost but with insuring a speedy and reasoned determination of appeals which properly call for the supervisory powers of an appellate court.

The application for the appointment of counsel at public expense is denied. The case is retransferred to the appellate department for further proceedings consistent with this opinion.

FILES, P. J.—I concur in the opinion of Justice Kingsley, but would add another reason.

The economic cost of litigation is a significant factor in our justice system and we should not be reluctant to discuss it.

The fee of a privately employed attorney to prosecute an appeal in the simplest criminal case would be several hundred dollars. The cost of personnel and overhead of the tax-supported agencies—i.e., the trial court which prepares the record, the prosecutor and staff, the public defender and staff, and the three-judge court with its staff—comes to thousands of dollars per appeal.

---

[3] As we have pointed out above, we do not, in this opinion, consider whether the defendant herein involved has, in fact or in law, a valid ground of appeal. The considerations of public policy that lead us to our conclusion do not permit of a system in which the merits of an appeal can be determined prior to the decision to appoint, or not to appoint, free counsel.

It is indisputable that the cost of employing counsel has an inhibiting effect upon a self-supporting person. Such a person, if fined $50, would ordinarily pay the fine even if he thought the court was wrong.[1]

What the appellant here is asking in the name of "equal protection" is a privilege which the self-supporting individual does not have.

Surely there is a better way to improve the quality of justice than to spend several thousands of dollars to review each $50 fine imposed upon an indigent person.

Under existing law a defendant's ability to pay a fine may properly be considered by the trial court in determining both the amount of the fine and the terms of payment. (See Pen. Code, § 1205.) And if a defendant is unable to pay, he may not be imprisoned for his default. (*In re Antazo* (1970) 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999].) The grievance of an *indigent who wishes to challenge a small fine on appeal is the same as the* grievance of a self-supporting person: He feels at a disadvantage without counsel, and the cost of an attorney is prohibitive.

Actually the issue which the appellant in the present case wishes to raise is of classic simplicity. He was convicted of failure to appear on a traffic citation, and he claims the trial judge refused to give him a chance to explain his absence. This is not an issue which should require the advocacy of a professional attorney. The reviewing court could readily decide it upon reading or hearing what the trial court had said.

But the would-be appellant, rich or poor, usually will not know how to get this information to the reviewing court without counsel. Although our statutes offer a "right" of appeal in the most petty cases, our procedural rules screen out all would-be appellants except those who are exceptionally tenacious or funded by charity. A more rational reform would start with a policy decision as to what causes and issues should be reviewed. After that, procedures appropriate to those issues and available to all might be devised. Such a change is more likely to appear if we think of due process and equal protection as function rather than form.

---

[1]Appellant's opening brief contributes this statistical report: "Very few cases are appealed to the Appellate Department which involve only a fine. The Municipal Court of the Judicial District for the County of Los Angeles has advised counsel that of a total of 114,749 traffic and nontraffic misdemeanors filed by the Judicial District in 1977, only 713 were appealed. Undoubtedly, the vast majority of those appeals were taken from convictions for offenses where the appellant would already be entitled to counsel on appeal as a result of sentences involving incarceration or 'serious consequences.' "

**JEFFERSON (Bernard), J.**—I dissent.

I disagree both with the result and the reasons set forth by the majority and concurring opinions for reaching their result. The majority poses the question before us as follows: "Is an indigent defendant, convicted of a nonmoving traffic offense, which is a misdemeanor, who has received only a fine and penalty of $65, constitutionally entitled to counsel at public expense on his appeal from that fine?"[1] The majority answers this question in the negative. I would answer it in the affirmative.

The majority predicates its view primarily upon its conclusion that the fine of $50 plus a $15 penalty assessment, making a total of $65, does not expose the indigent defendant before us to a "substantial" or "serious" effect. The majority considers that the fine imposed in the particular case is of a minimum amount for conviction of a misdemeanor, and that the right to the services of an attorney on appeal by an indigent defendant— convicted of a misdemeanor and receiving only a fine as a sentence— should await a case in which, in the majority's judgment, the fine would be deemed to be substantial, or, where collateral consequences of the misdemeanor conviction could be said to have serious and substantial effects.

It is true that language can be found in some cases which reflects that the due process and equal protection rights of an indigent defendant to the assistance of counsel on appeal have been predicated upon the nature of the collateral consequences resulting from a conviction. Thus, in *In re Henderson* (1964) 61 Cal.2d 541 [39 Cal.Rptr. 373, 393 P.2d 685], the court held that a defendant convicted of the misdemeanor of a violation of Penal Code section 647, subdivision (a) (soliciting or engaging in lewd or dissolute conduct in public), and fined and placed on probation for two years, was entitled to the assistance of counsel on appeal. In reaching this conclusion, the *Henderson* court referred to *Douglas v. California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814], in which the high court, dealing with a felony, held that, if an indigent defendant was denied the assistance of counsel on appeal, "an unconstitutional line is drawn between rich and poor." (*Henderson, supra,* 61 Cal.2d 541, 543.)

The *Henderson* court then proceeded to point out that the misdemeanor conviction before it, although only resulting in a *fine,* had serious collateral consequences in spite of the fact that the offense constituted a misdemeanor rather than a felony. The collateral consequences were set

---

[1]See page 153, *ante.*

forth as follows: "*In addition to the sentence imposed* a person convicted of violating that subdivision is disqualified from teaching in public schools and is required to register with a law enforcement agency and to inform the agency of any change of his address. [Citations.]" (*Id.* at pp. 543-544.) (Italics added.)

The quoted language from *Henderson* indicates unquestionably that the *Henderson* court considered that the sentence itself which the *Henderson* defendant received constituted a serious consequence—the sentence being that of a *fine* and a two-year probationary period. I consider that *Henderson* represents persuasive authority for my view that a fine in and of itself is of serious consequence in the case at bench and that refusing the defendant Wong a right to counsel on appeal creates the unacceptable result that "an unconstitutional line is drawn between rich and poor." (*Henderson, supra,* 62 Cal.2d 541, 543.)

We are not here dealing with the least serious offense of an infraction as contrasted with the conviction of the more serious offenses denominated felonies and misdemeanors. Pursuant to Vehicle Code section 40000, subdivision (b), a violation of Vehicle Code section 40508, relating to failure to appear or to pay a fine, is expressly made a misdemeanor.[2] Since Vehicle Code section 40508 does not expressly provide for a different penalty for violation of this misdemeanor, the penalty is governed by Vehicle Code section 42002, which provides: "Unless a different penalty is expressly provided by this code, every person convicted of a misdemeanor for a violation of any of the provisions of this code shall be punished by a fine of not exceeding five hundred dollars ($500) or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment."

The *Henderson* court's view that the conviction of a misdemeanor resulting in a fine and probation constitutes a serious consequence that cannot be dismissed as a trivial matter with respect to the right of an indigent defendant to the assistance of counsel was reiterated by the California Supreme Court in *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760 [150 Cal.Rptr. 785, 587 P.2d 227]. *Tracy* dealt with indigent defendants charged with possession of less than an ounce of marijuana in violation of Health and Safety Code section 11357, subdivision (b), which

---

[2]Vehicle Code section 40000 was repealed, effective May 3, 1972. (Stats. 1971, ch. 1178, § 2, p. 2245.) Vehicle Code section 40000.25, added in 1971, provides, as did section 40000, that a violation of Vehicle Code section 40508 shall constitute a misdemeanor, and not an infraction. (See Stats. 1971, ch. 1178, § 14, p. 2247; Stats. 1973, ch. 1162, § 3, p. 2419; Stats. 1978, ch. 1350, § 1.)

provides in relevant part that "[e]xcept as authorized by law, every person who possesses not more than one avoirdupois ounce of marijuana, other than concentrated cannabis, is guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100)."

It was argued in *Tracy* "that despite the Legislature's deliberate decision to classify the offense as a misdemeanor, it should not carry with it the indicia of such a crime." (*Tracy, supra,* 22 Cal.3d 760, 765.) To this argument the court replied: "There is no merit in this contention." (*Id.* at p. 765, fn. omitted.) Even though Health and Safety Code section 11357, subdivision (b), made a *fine* the *only* punishment for a defendant charged with possession of less than an ounce of marijuana, the *Tracy* court emphasized that the Legislature had designated the offense a misdemeanor and not an infraction.[3]

The *Tracy* court concluded that the Legislature, in designating offenses as misdemeanors, intended to make a clear distinction between misdemeanors and infractions, since many offenses are designated as "misdemeanors" even though such offenses carry *fines only*. The *Tracy* court lists a variety of misdemeanors which are made punishable by fines only. "Among the offenses classified as misdemeanors and punishable only by fine are Education Code section 32210 (willful disturbance of public school or public school meeting); Health and Safety Code section 3704 (use of common drinking cups by businesses); section 3803 (use of common towels by businesses); section 11360, subdivision (b) (giving away or transporting less than an ounce of marijuana); Labor Code section 2263 (failure to provide toilet and water facilities to employees in a theatre); Penal Code sections 374b and 374b.5 (dumping or littering roads or property); section 374e (littering waters). The Vehicle Code also contains provisions for only a fine in a number of offenses classified as misdemeanors (e.g., violation of weight regulations, §§ 40000.23, 42030).

---

[3]Pursuant to Penal Code section 16, the Legislature has decreed that crimes and public offenses shall be divided into the following categories: (1) felonies; (2) misdemeanors; and (3) infractions. Penal Code section 17, subdivision (a), provides: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions." That an infraction is considered in a different category than felonies or misdemeanors, irrespective of whether the misdemeanor carries only a fine for punishment, is reflected in the provisions of Penal Code section 19c, which provides: "An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him unless he is arrested and not released on his written promise to appear, his own recognizance, or a deposit of bail."

[¶] We reject the People's characterization of these instances as 'aberrations' of the statutory scheme." (*Tracy, supra,* 22 Cal.3d 760, 766, fn. 5.)

Although *Tracy* places its holding upon the statutory right of a person charged with a misdemeanor to be entitled to the assistance of court-appointed counsel (see Pen. Code, § 686), and expresses no opinion on the constitutional issues raised by the parties, the reasoning set forth in *Tracy* and in *Henderson* leads me to conclude that, by virtue of the constitutional principles of due process of law and equal protection of the laws, the defendant before us is entitled to the assistance of counsel on his appeal from his conviction of violating section 40508, subdivision (a), of the Vehicle Code.

The majority in the case at bench takes the view that to provide the indigent defendant before us with assistance of counsel on appeal would be providing protection against every "minor mishap" that may follow from indigency. It is the view of the majority that a nonindigent defendant faced with a $65 fine would have a strong incentive *not* to appeal because of the substantial expense involved, while an indigent defendant in the same situation would not have such an incentive to forego an appeal. I consider this reasoning totally untenable and unpersuasive. It is pure speculation and conjecture by the majority in assigning a monetary consideration as the reason why defendants do not appeal, whether they be nonindigent defendants or indigent defendants.

The majority's emphasis upon the amount of the fine that results from a defendant's conviction is a misplaced emphasis. The consequence facing a defendant charged with violating Vehicle Code section 40508 is not simply that of a fine only, which exists for many misdemeanors as explained in *Tracy.* Since Vehicle Code section 42002 governs the punishment for a misdemeanor proscribed as a violation of section 40508 of the Vehicle Code, a defendant so charged is faced with the possibility of being convicted of a misdemeanor punishable by imprisonment in the county jail up to a period of six months or by a fine up to $500, or by both such fine and imprisonment. The misdemeanor involved in the case at bench is thus a misdemeanor of substantial and serious consequences.

Since the majority considers that a fine of $65 is simply a "minor mishap" to an indigent defendant, I pose the question of what amount of a fine would be considered a "nonminor" mishap to indigent defendants. If the defendant before us had been fined $150, would the majority consider such a fine to be of serious consequence to entitle the defendant to assistance of counsel on appeal? Or would the majority require the full

limit of $500 before the majority would accord the defendant assistance of counsel on appeal?

I simply cannot agree with the majority view that a $65 fine (including the penalty assessment) to an indigent defendant is neither substantial nor of serious consequence. I repeat here the view I espoused in my dissent in *People* v. *Lucas* (1978) 82 Cal.App.3d 47, 58 [147 Cal.Rptr. 235]: "In considering such fines *nonsubstantial,* the majority speaks from the vantage point of the upper middle class affluent citizens of California. But to a large segment of California's population, the poor and especially the minorities who make up a great portion of that segment, that fall into the category of the less-affluent, fines of $50, $100 or $250 are substantial, and even catastrophic in many instances. To consider such penalties for criminal violations a matter of insignificant importance is simply to ignore reality and to be immune to the financial conditions of a large segment of California residents."

The majority also relies upon the economic cost of litigation as a basis for denying the indigent defendant before us the right to counsel on appeal. I do not share the view that the cost of litigation can constitutionally be applied to deny an indigent defendant the right of an attorney on appeal when such defendant seeks to overturn his misdemeanor conviction, while a nonindigent defendant has the means of hiring an attorney in an effort to overturn the latter's misdemeanor conviction. Even though the penalty is only a fine, a defendant convicted of violating Vehicle Code section 40508 stands convicted of a serious criminal offense—*a misdemeanor* rather than an infraction. To have one's record sullied with a misdemeanor conviction which he considers is undeserved and unmeritorious should not be looked upon as uncorrectible by denying the right to counsel on appeal because of the economic cost of litigation.

In the first place, the additional cost to the justice system in providing indigent defendants with the assistance of counsel on appeals from misdemeanor convictions such as we have in the case at bench is highly speculative and conjectural. If the economic cost of providing counsel for indigent defendants on appeals from misdemeanor convictions resulting in fines only becomes substantial, one remedy might well be for the Legislature to change the law to make such violations *infractions* which would not carry the same stigma of *criminal* convictions, such as the conviction of a felony or misdemeanor entails.

I agree with the rejection of the economic-cost-of-litigation argument set forth by three of the dissenting justices in *Scott* v. *Illinois* (1979) 440

U.S. 367 [59 L.Ed.2d 383, 99 S.Ct. 1158]. There, the dissent observed: "This Court's role in enforcing constitutional guarantees for criminal defendants cannot be made dependent on the budgetary decisions of state governments. A unanimous Court made that clear in *Mayer* v. *City of Chicago,* 404 U.S. 189, 196-197 (1971), in rejecting a proposed fiscal justification for providing free transcripts for appeals only when the appellant was subject to imprisonment: [¶] 'This argument misconceives the principle of *Griffin* [v. *Illinois,* 351 U.S. 12 (1956)] . . . . *Griffin* does not represent a balance between the needs of the accused and the interests of society; its principle is a flat prohibition against pricing indigent defendants out of as effective an appeal as would be available to others able to pay their own way. The invidiousness of the discrimination that exists when criminal procedures are made available only to those who can pay is not erased by any differences in the sentences that may be imposed. The State's fiscal interest is, therefore, irrelevant.' " (*Id.* at p. 384 [59 L.Ed.2d at p. 396]; fns. omitted.) (Dis. opn. of Brennan, J.)

I would thus grant the motion for appointment of counsel.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1979. Bird, C. J., was of the opinion that the petition should be granted.