[Crim. No. 37119. Second Dist., Div. Five. Aug. 19, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD T. BATISTE, Defendant and Appellant.

COUNSEL

Beardsley, Hufstedler & Kemble and Steven F. Pflaum for Defendant and Appellant.

Burt Pines, City Attorney, Ward G. McConnell, Assistant City Attorney, and Jack Brown, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

STEPHENS, J.—On January 18, 1978, defendant was stopped by a police officer and cited for failing to stop for a red light (Veh. Code, § 21453, subd. (a)) and for failing to have a driver's license in his possession (Veh. Code, § 12951, subd. (a)). The citation ordered him to appear in court on or before February 16, 1978. He failed to do so. On March 20, 1978, a complaint issued charging defendant with having

violated Vehicle Code section 40508 by his failure to appear on the traffic citations. A warrant was issued fixing bail at $50 plus a penalty assessment of $15.

On July 26, 1978, a third party, who bore defendant's surname and was presumably a family member, posted bail on defendant's behalf in the amount of $65.50 and received an appearance date of July 28, 1978. Defendant appeared on the latter date, pleaded guilty to all three charges and waived his right to have pronouncement of sentence delayed. He was immediately sentenced to pay a $150 fine or serve five days in jail on count 1, the failure to appear, and to pay $10 fines on the traffic violations. Both the latter fines were suspended. Defendant immediately filed a notice of appeal. He also filed a statement on appeal on July 28, 1978.

The municipal court filed its engrossed settled statement on appeal on October 4, 1978. According to that statement, at the time of his appearance on July 28, 1978, defendant had at least two other outstanding traffic citations and two other failures to appear. He pleaded guilty to all charges. We are not told what disposition was made with respect to the other two matters. The engrossed settled statement gives the following delineation of defendant's contentions on appeal: "Defendant alleges he was misled by the court bailiff when submitting his numerous bail slips upon arriving in court. He states that he did not want to see the court at that time but wanted to forfeit his bail which he had posted on the several tickets which had gone to warrant on which he was appearing. Defendant alleges that he is a victim of his own lack of familiarity with court procedure."

On September 13, 1979, defendant, in propria persona, filed a written two paragraph statement in the appellate department of the superior court which was, apparently, to serve as an opening brief on appeal. That statement included the contentions set forth in the engrossed settled statement and added the argument that defendant could not afford the fine levied against him. He attached a financial statement showing a monthly income of $750 and monthly expenditures of $785, including a $100 a month "miscellaneous" expense.

On October 11, 1979, the appellate department, concerned with whether or not defendant was entitled to appointed counsel on appeal,

offered to appoint counsel to argue the issue of right to counsel if petitioner requested such appointment and demonstrated indigency. Defendant made the requisite showings,[1] counsel was duly appointed, and the appellate department issued its decision holding that an indigent was entitled to appointed counsel on appeal in any case in which he was subjected to a "substantial" fine. The appellate department defined "substantial" as any fine in excess of $100. We ordered the matter transferred to this court, pursuant to rule 62(a) of the California Rules of Court, for further consideration.

In *People* v. *Wong* (1979) 93 Cal.App.3d 151 [155 Cal.Rptr. 453], division four of this court held that an indigent had no right to appointed counsel on appeal where the sentence imposed for a violation of Vehicle Code section 40508 was a fine and penalty totaling $65. Justice Kingsley, writing for the court, expressed the fear, which our experience causes us to share, that automatically providing counsel on appeal to indigent misdemeanants whose punishment consisted of a fine, but entailed no collateral consequences, would flood the appellate departments of our superior courts with frivolous appeals, undermining the efficiency of the appellate system and threatening the rights of nonfrivolous appellants to a speedy and reasoned determination of their appeals.

In a concurring opinion Justice Files made the following observations: "The economic cost of litigation is a significant factor in our justice system and we should not be reluctant to discuss it.

"The fee of a privately employed attorney to prosecute an appeal in the simplest criminal case would be several hundred dollars. The cost of personnel and overhead of the tax-supported agencies—i.e., the trial court which prepares the record, the prosecutor and staff, the public defender and staff, and the three-judge court with its staff—comes to thousands of dollars per appeal.

"It is indisputable that the cost of employing counsel has an inhibiting effect upon a self-supporting person. Such a person, if fined $50, would ordinarily pay the fine even if he thought the court was wrong. [Fn. omitted.]

---

[1]On October 18, 1979, defendant filed a financial statement showing that he had just become unemployed, that he had no income and that his expenses were $650 a month.

"What the appellant here is asking in the name of 'equal protection' is a privilege which the self-supporting individual does not have.

"Surely there is a better way to improve the quality of justice than to spend several thousands of dollars to review each $50 fine imposed upon an indigent person.

"Under existing law a defendant's ability to pay a fine may properly be considered by the trial court in determining both the amount of the fine and the terms of payment. (See Pen. Code, § 1205.) And if a de-. fendant is unable to pay, he may not be imprisoned for his default. (*In re Antazo* (1970) 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999].) The grievance of an indigent who wishes to challenge a small fine on appeal is the same as the grievance of a self-supporting person: He feels at a disadvantage without counsel, and the cost of an attorney is prohibitive." (*People* v. *Wong* (1979) 93 Cal.App.3d 151, 155-156 [155 Cal. Rptr. 453].)

Justice Files' observations are just as applicable to a $150 fine as they are to a $50 fine. They are particularly compelling when dealing with a misdemeanant's right to counsel on an appeal which follows a guilty plea, as are Justice Kingsley's concerns about frivolous appeals.[2]

The instant case presents a prime example. Defendant complains that he was misled by the bailiff as to the nature and consequences of the proceedings upon which he was about to enter. Assuming, arguendo, that representations were made which would form a basis for setting aside defendant's guilty plea, (a) defendant never moved the trial court to withdraw the plea; and (b) those representations are not part of the record on appeal and thus could not be considered on appeal. Defendant's second contention, that the fine exceeded his ability to pay, likewise was not addressed to the trial court and would be equally unavailable on appeal, although defendant can certainly assert it by way of defense should efforts be undertaken to jail him for failure to pay whatever balance may be outstanding on the fine.

---

[2]Defendant Wong also pleaded guilty, however, the opinion did not address itself to that fact.

The application for appointment of counsel at public expense is denied. The case is retransferred to the appellate department for further proceedings consistent with this opinion.

Kaus, P. J., and Ashby, J., concurred.