JOHNSON, Justice.*
hWe granted certiorari in this case to determine whether the State is required to *1013 provide counsel to an indigent defendant to assist in the preparation of an application for discretionary writ review following convictions for misdemeanor traffic violations. For the reasons that follow, we reverse the decision of the Court of Appeal, Fifth Circuit, which ordered appointment of counsel.
FACTS AND PROCEDURAL HISTORY
Vincent M. Castillo (“Castillo”) was charged in First Parish Court of Jefferson Parish with speeding, in violation of La. R.S. 32:63(A); driving with a suspended driver’s license, in violation of La. R.S. 32:415; and driving with an expired license, in violation of La. R.S. 32:412. Castillo was represented at trial by appointed counsel from the Jefferson Parish Indigent Defender Board (“Board”). He was found guilty on all charges on January 4, 2008, and ordered to pay fines totaling $275.00, a sentence of thirty (30) days in parish prison, suspended, and six months of inactive probation. Castillo, acting pro se, twice moved the Parish Court for review of his 12convictions, and requested the assistance of counsel for the preparation of his writ application. These requests were denied by the Parish Court.
The Court of Appeal ordered that counsel be assigned following a showing by Castillo that he was indigent.[1] Citing Williams v. Oklahoma, 395 U.S. 458, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969) (per curiam), and Mayer v. Chicago, 404 U.S. 189, 92 S.Ct. 410, 415 30 L.Ed.2d 372 (1971), the appellate panel concluded that the holdings in Williams and Mayer, read in conjunction with the Equal Protection Clause, mandated appointment of counsel for review of defendant's misdemeanor convictions.
On remand, the Parish Court ordered the Board to represent Mr. Castillo. The Board sought review of this order, arguing that there is no legislative or constitutional mandate requiring appointment of counsel from a conviction where a discretionary application for writ review is the only avenue for relief. The court of appeal denied the writ application, finding no basis to depart from its earlier ruling.[2]
The Board, sought a supervisory writ from this Court, which we granted.[3] This Court appointed the Law Clinic at the Louisiana State University Law Center (“Law Clinic”) to represent Castillo. When the students from the Law Clinic met with Castillo, he refused their representation. The Law Clinic, thereafter, filed a motion to withdraw as counsel, and requested permission to file an amicus curiae brief to assist the Court in evaluating this writ application.
DISCUSSION
First, we find the court of appeal’s initial reliance on Williams and Mayer as the mandate for appointment of counsel is misplaced. Neither Williams nor Mayer |.^addressed the issue of the right to appointed counsel post-verdict. Rather, these cases considered whether those defendants should be provided transcripts of the trial proceedings at the public’s expense for their appeal.
We must determine whether Louisiana or federal law provides a basis for support of the lower courts’ actions. In Louisiana, a criminal defendant only *1014 has a right of direct appeal from his conviction if his case is triable by a jury. La. Const. Art. V, § 10;[4] La. C. Cr. P. art. 912.1.[5] Misdemeanors punishable by more than six months imprisonment are triable by a jury, but all other misdemeanors are tried by the court. La. C. Cr. P. art. 779.[6] Because Castillo was charged with misdemeanor j4offenses punishable by imprisonment of not more than six months, and thus not triable by a jury, Castillo had no right of direct appeal from his convictions. However, Castillo is afforded a right to discretionary judicial review of his convictions by Louisiana’s Constitution. Specifically, Article 1, § 19 of the Louisiana Constitution provides:
Right to Judicial Review
§ 19. No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.
In denying the Board’s writ application challenging the trial court’s order appointing counsel to represent Castillo in his discretionary review of the convictions, the court of appeal relied on La. Const. Art. I, § 13 to find that the Louisiana Constitution guarantees a defendant the right to assistance of counsel at each stage of the proceedings when he is charged with an offense punishable by imprisonment. Article I, § 13 of the Louisiana Constitution provides:
§ 13. Rights of the Accused
When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for *1015 his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by | ¿imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents. (Emphasis added). ■
The Board asserts that the right to appellate counsel is not guaranteed under Louisiana law where the punishment is less than six months imprisonment, because defendants charged with these types of petty misdemeanors, such as Castillo, have only an opportunity to apply for discretionary review based on Article I § 19 of the Louisiana Constitution. The Board further maintains that Article I § 13 of the Louisiana Constitution has never been interpreted to hold that an application for discretionary review from a petty misdemeanor conviction is a critical stage of a criminal proceeding requiring appointment of counsel for an indigent defendant.
The Board asserts that the right to counsel is not required by the Louisiana or United States Constitutions on application for discretionary review. The Board points out that the Louisiana legislature has created separate categories of misdemeanors, some of which are triable by jury where punishment may exceed six months, and where appellate jurisdiction attaches upon conviction. In such cases, the legislature has provided for an indigent defendant’s right to counsel on appeal by creating, via the Louisiana Public Defender Board, the Louisiana Appellate Project. Thus, the Louisiana legislature has made reasoned distinctions regarding the right to appointed counsel for appeals of right versus discretionary review. Citing Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Board argues that the State has made reasoned offense classifications, which protect a defendant’s right to a jury trial, and appointment of counsel, where it is constitutionally mandated.
The Law Clinic contends that the right to counsel is extended to all cases involving “first tier review,” whether discretionary or not, via application of the principles set forth in Halbert v. Michigan, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). The Law Clinic urges that we equate Castillo’s request for discretionary review of his misdemeanor traffic convictions with an appeal of right because it is Castillo’s first avenue of review of the trial court’s action.
The Law Clinic additionally asserts that Castillo has a right to court-appointed counsel under the United States and Louisiana Constitutions, and argues that the phrase “each stage of the proceedings” contained in Article I, § 13 of the Louisiana Constitution should be interpreted to include writ applications, by which review of misdemeanor convictions are sought. The Law Clinic urges that the right to appointed counsel applies to discretionary review since it is a “stage in the proceedings,” and the right to counsel is triggered whenever a defendant faces the possibility of incarceration under Article I, § 13 which encompasses all “offenses punishable by imprisonment.” We find no mandate under the Louisiana Constitution to provide court-appointed counsel in Castillo’s situation. Section 13 of the Louisiana Constitution is entitled “Rights of the Accused,” and is included in the part of the *1016 Constitution addressing pre-trial or trial proceedings. The Law Clinic’s argument that the words “stage of the proceeding” referenced therein includes appellate and post-verdict procedures is not convincing, particularly because the rights of the convicted do not appear in the Constitution until Section 19. Thus, the sequence of rights in Article I suggests that Section 13 refers only to pre-trial and trial procedures, providing for the right to counsel through trial. See, Lee Hargrave, The Declaration of Rights of th,e Louisiana Constitution of 1971, 35 La. L.Rev. 1, GO-61 (1974).
Our review of federal law yields the same result. The United States Supreme Court has held that when a state provides a first appeal as of right, it must also provide counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct, 814, 9 L.Ed.2d 811 (1963). In Douglas, California law granted an initial appeal as of right to all convicted |7criminal defendants, but appointed counsel for indigent defendants only after determining whether counsel would be useful to the defendant or the court. The Court in Douglas acknowledged the states’ discretion to regulate the appointment of counsel on appeal:
[A] State can, consistently with the Fourteenth Amendment, provide for differences [as to appointment of counsel on appeal] so long as the result does not amount to a denial of due process or an ‘invidious discrimination.’ Absolute equality is not required; lines can be and are drawn and we often sustain them.
Douglas, 372 U.S. at 356-57, 83 S.Ct. 814 (citations omitted). However, the Court ruled that the defendant was entitled to appointment of counsel to pursue this first appeal as of right. Limiting its decision to first appeals granted as a matter of right from a criminal conviction, the Court reasoned that “where the merits of the one and only appeal an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor.” Id. at 357, 83 S.Ct. 814. Douglas is the landmark decision limiting a state’s discretion as to when state-provided counsel is required.
In Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Supreme Court held that states were not required to appoint counsel for indigents seeking discretionary review in the state’s highest court or in the United States Supreme Court. The Court declined to extend the holding of Douglas to second-tier discretionary review because neither the state supreme court nor United States Supreme Court were “error-correcting” courts. Defendants in those cases had already benefitted from the.aid of appointed counsel in a first-tier appeal and would have had “at the very least, a transcript or other record of trial proceedings, a brief on his behalf in the Court of Appeals setting forth his claims or error, and in many cases an opinion by the Court of Appeals disposing of his case.” Ross, 417 U.S. at 615, 94 S.Ct. 2437. In so holding, |sthe Court reaffirmed “that a State is not obliged to provide any appeal at all for criminal defendants.” Id. at 606, 94 S.Ct. 2437 (citing McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894)). The Court concluded that “[t]he Fourteenth Amendment ‘does not require absolute equality or precisely equal advantages,’ ... nor does it require the State to ‘equalize economic conditions.’ ” Id. at 611— 12, 94 S.Ct. 2437 (citations omitted).[7] The *1017 Court stated that the issue of whether or not state-provided counsel is required at every stage of a criminal proceeding is a constitutional question that “is not one of absolutes, but one of degrees.” Id. The Court explained that there is a “legislative choice” afforded to the States to determine whether or not to make counsel available to convicted defendants in such appeals.
[S]ome States which might well choose to do so as a matter of legislative policy may conceivably find that other claims for public funds within or without the criminal justice system preclude the implementation of such a policy at the present time .... Our reading of the Fourteenth Amendment leaves these choices to the State.
Id. at 618-19, 94 S.Ct. 2437.
To support its position, the Law Clinic relies on Halbert v. Michigan, supra, a more recent Supreme Court case addressing the right to counsel relative to discretionary, but merit-based review. In Hal-bert, the Court examined a Michigan law which generally required a defendant who pleaded guilty, or nolo contendere, to request leave of court in order to pursue a discretionary appeal. The defendant in Halbert challenged this system on grounds that he was entitled to have appointed appellate counsel assist him with his application to the court of appeal for leave to take an appeal from his conviction and sentence by way of a guilty plea to a felony sex offense. Halbert, 545 U.S. at 609, 125 S.Ct. 2582. To reach its decision, the Court looked to the 19framework provided in Douglas and Ross, and determined that the Michigan court of appeal’s review of an application for leave to appeal in such a case ranked as first-tier review requiring the appointment of counsel under Douglas, rather than discretionary review under Ross. Id. at 610, 125 S.Ct. 2582. The Court based its decision on two factors. First, the Michigan intermediate appellate court had to look to the merits of the claims made in the application to determine whether to grant leave to appeal. Thus, although the appeal was discretionary, the error correcting function of the intermediate appellate court more closely resembled the first-tier review as of right in Douglas. Id. at 611, 618-619, 125 S.Ct. 2582. Second, the Court noted that indigent defendants pursuing first-tier review in the court of appeals are generally ill-equipped to represent themselves, as the vast majority of those convicted are incarcerated; lack education, including the most basic literacy skills; or have learning disabilities or mental impairments. Id. at 617-621,125 S.Ct. 2582.
While the instant case does involve discretionary first-tier review before an intermediate court, we find Halbert can be distinguished. Unlike Castillo, the defendant in Halbert was convicted of a felony. We find no compelling reason to extend the holding of Halbert to Castillo’s discretionary review of his petty misdemeanor traffic convictions. We find it notable that one of the key considerations for the Court’s decision in Halbert was its concern that appeals can involve complex and technical legal issues, and persons in Halbert’s position (i.e. indigent defendants pursuing first tier review) were “particularly handicapped as self-representatives” due to incarceration, lack of education, learning disability or mental impairments. In this case, however, there is no evidence that Castillo or other indigent defendants convicted of petty misdemeanor offenses, particularly traffic offenses, are similarly situated. There is no reason to assume that such offenders are incarcerated, illiterate, or otherwise disabled, and such serious *1018 underlying concerns seem misplaced when | inaddressing traffic offenses. Castillo’s contentions and arguments on appeal will presumably be less factually and legally complex than those presented in Halbert, presenting Castillo with a far less daunting task than a defendant convicted of a felony.
Moreover, Halbert should not be applied by courts to expand the scope of the right to court appointed counsel to all discretionary review. The Halbert decision did not significantly expand the scope of the right to court-appointed counsel on first-tier review that was initially established in Douglas. Following Douglas, the Supreme Court made clear that its decision was not applicable to every case involving appellate review. For example, in Smith v. Robbins, 528 U.S. 259, 278, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), the Court stated that although indigents generally have a right to counsel on a first appeal as of right, “it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal.” Additionally, the Court had declined to require appointed counsel on collateral attack of a final conviction in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Even after Halbert, courts have not interpreted the Halbert decision to require counsel be appointed for an indigent defendant who seeks post-conviction collateral relief. For example, see State v. Lopez, 156 N.H. 193, 931 A.2d 1186 (2007); Pinker v. State, 17 So.3d 181 (Miss.App.2009); Hnatiuk v. Rapelje, 2010 WL 2720878 (E.D.Mich.2010); Martinez v. Schriro, 623 F.3d 731 (9th Cir.2010).
We also feel compelled to consider the impact on the justice system if we were to require appointed counsel in discretionary review of all .misdemeanor convictions. In a similar case, a California court noted economic considerations in refusing to appoint counsel on appeal for an indigent defendant who was convicted of a nonmov-ing misdemeanor traffic offense, and who received only a small fine and |npenalty. In denying the defendant’s request for counsel, the court in People v. Wong, 93 Cal.App.3d 151, 155 Cal.Rptr. 453 (1979), noted that to allow such appointment would result in a major increase in the appeal of minor traffic convictions, whether meritorious or not. The court stated that it was not basing its decision on the potential increased economic cost to the state, but rather the court’s concern with ensuring a speedy and reasoned determination of appeals. In a concurring opinion, Judge Files pointed out the potential costs to the justice system of reviewing such cases, and noted that “[t]he economic cost of litigation is a significant factor in our justice system and we should not be reluctant to discuss it.” Wong, 93 Cal.App.3d at 155-156, 155 Cal.Rptr. 453.
We find that Louisiana’s interest in limiting the burden imposed on taxpayers by state-paid counsel provides a rational basis for limiting access to state-provided counsel in discretionary review of traffic and petty misdemeanor convictions. Louisiana’s statutory scheme, which does not provide for court-appointed counsel in review of petty misdemeanor offenses, is an exercise of legislative choice based on difficult policy considerations and the allocation of scarce financial resources.
CONCLUSION
For the reasons assigned, we reverse the decision of the court of appeal, which ordered appointment of counsel in a case involving discretionary review of petty misdemeanor traffic offenses. We find no mandate in the Louisiana or United States *1019 Constitutions requiring the State to provide counsel in these cases. We recognize the Supreme Court’s holding in Halbert v. Michigan, supra, but find that the facts of this case necessarily distinguish it from Halbert, and support a different result.
DECREE
REVERSED.
KNOLL, WEIMER and VICTORY, JJ., concur in the result.

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.

. State v. Castillo, 08-KH-1172 (La.App. 5 Cir. 01/28/09), unpub., (Castillo, I).

. State v. Castillo, 09-0291 (La.App. 5 Cir. 5/29/09), unpub., (Castillo II).

.State v. Castillo, 09-1358 (La. 11/6/09), 21 So.3d 296.

. La. Const, art. V, § 10 provides, in pertinent part:
A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of ... (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D)(2) of this Article.
[[Image here]]
(C) Other Criminal Matters. In all criminal cases not provided for in Paragraph (D)(2) or Paragraph (E) of Section 5 or Paragraph (A)(3) of this Section, a defendant has a right of appeal or review, as provided by law.

. La. C. Cr. P. art. 912.1 provides, in pertinent part:
A. (1) The defendant may appeal to the supreme court from a judgment in a capital case in which a sentence of death actually has been imposed.
[[Image here]]
B. (1) The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury, except as provided in Paragraph A or Subparagraph (2) of this Paragraph.
(2) An appeal from a judgment in a criminal case triable by jury from a city court located in the Nineteenth Judicial District, except as provided in Paragraph A of this Article, shall be taken to the Nineteenth Judicial District in the parish of East Baton Rouge.
C.(1) In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application.
[[Image here]]

.La. C. Cr. Pr. art. 779 provides:
A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.

. The Court in Ross held that a State may not "arbitrarily cut off' appeal rights for indigents, " and must structure an appellate sys-tern "free of unreasoned distinctions” that result in a "meaningful appeal” for persons with resources, while providing merely a *1017 "meaningless ritual” for indigents defendants. Id. at 612, 94 S.Ct. 2437 (citation omitted).