[Civ. No. 37862. Second Dist., Div. Five. Dec. 7, 1971.]

MANUEL ECHAVARRIA et al., Plaintiffs and Appellants, v.
THE JUSTICE COURT FOR THE FOURTH JUDICIAL DISTRICT
OF SAN LUIS OBISPO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

COUNSEL

James D. Lorenz, Jr., Burton D. Fretz, John E. Huerta, Martin H. Kresse and Charlotte M. Fischman for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Russell Iungerich, Deputy Attorney General, for Real Party in Interest and Respondent.

OPINION

**STEPHENS, J.**—On January 8, 1970, appellants Echavarria and Belen, "on behalf of themselves and all persons similarly situated," petitioned[1] the Superior Court of San Luis Obispo County for a writ of prohibition to restrain respondent [justice court] from: (1) "further proceedings in [the Echavarria case] unless and until the judge assigned to said case makes a determination of [Echavarria's] financial eligibility for assistance by a Public Defender"; and (2) hearing any criminal cases unless and until [respondent justice court] provides reasonable guarantees to [the superior court] that it will inform accused persons of their right to counsel in accordance with law, and to assure the appointment of counsel to all eligible persons who do not waive said right." On January 16, 1970, the superior court issued an alternative writ of prohibition and an order to show cause why a peremptory writ of prohibition should not issue. On January 26, 1970, the petition was submitted on the briefs and declarations of the parties. On April 1, 1970, while the petition was awaiting decision, appellant Echavarria filed a letter in superior court stating that "by virtue of an agreement with the District Attorney, [the superior court] need not further consider any relief on account of Echavarria." On May 20, 1970, the superior court entered a judgment (1) denying relief to Echavarria as an individual because Echavarria had requested to "no longer be included with the class of petitioners in the Writ of Prohibition"; (2) denying relief to Belen as an individual because "the denial of the right to court-appointment of counsel was based on the [justice court's] conclusion that BELEN

---

[1]This petition stems from respondent's denial of each appellant's motion (in independent actions) that counsel be appointed to represent him in defending against a misdemeanor charge. (In the case of Belen, the misdemeanor with which he was charged has since been reclassified in the governing code section as an "infraction.") Echavarria petitioned the superior court upon denial of his motion; however, it was not until after Belen had been tried and convicted that he joined with Echavarria in this petition.

was not entitled to appointment of counsel under 987a Penal Code," and that BELEN [had] an adequate remedy by way of appeal"; and (3) denying relief to the "class of petitioners . . . accused of crimes in GROVER CITY JUSTICE COURT" because the "judge of [the justice court] advises all criminal defendants of their constitutional rights"; "there is no evidence to support any contention that the judge of the [justice court] 'actively' or otherwise discourages criminal defendants from exercising their constitutional rights," and "there exists no basis for the maintenance of any 'class action' either by way of joinder of persons, unity of interest or evidence supportive of the petition's attempt to set forth allegations upon which a 'class action' could be based."

Appellants Echavarria and Belen, "on behalf of themselves and all persons similarly situated," appeal from the superior court judgment.

■ Appellants do not seek individual relief for Echavarria, but do seek individual relief for Belen. We must deny individual relief to Belen for two reasons: first, Belen is appealing from the superior court's denial of a petition in which Belen did not request individual relief; second, even if we were to so torture the language of the original petition to read that Belen did request individual relief, the superior court made a finding that Belen had been denied counsel because the justice court had found that Belen did not qualify as indigent, and appellants have not made a showing that the superior court abused its discretion in finding that the justice court had not erred in its determination that Belen was not indigent.

■ In the alternative, appellants appeal as a "class."[2] We recognize that our denial of individual relief to appellants Echavarria and Belen does not necessarily, of itself, defeat any claim that they may have as representatives of a class.[3] However, even if we assume that the judge of the superior court was wrong and that appellants do have a "basis for the maintenance of [a] class action," we must still affirm the judgment because appellants seek an inappropriate remedy for the alleged injury to the class. The essence of appellants' grievance is found in paragraph VII of their petition to the

---

[2]We will assume that by "all persons similarly situated," appellants mean (as they did in their petition to the Superior Court) the "class . . . of all persons accused of crimes in GROVER CITY JUSTICE COURT."

[3]Since this matter has been on appeal, there has been a determination in *La Sala* v. *American Savings & Loan Assn.,* 5 Cal.3d 864, 868 [97 Cal.Rptr. 849, 489 P.2d 1113]. In that case, the petitioners, representing the purported "class," were granted by the opposition all of the benefits sought by them. The court nevertheless held that "whenever the dismissal of a class action stems from a defendant's grant of benefits to the representative plaintiffs, which are not provided to the class as a whole, the court may not dismiss the action without notice to the class." No such notice appears to have been given prior to the dismissal of the instant action; hence, if there does exist a class as alleged by Echavarria and/or Belen, if the dismissal was based upon the ground of lack of a representative, the dismissal was erroneous.

superior court:[4] "THE GROVER CITY JUSTICE COURT, through [its] continuing practice . . . in criminal cases has failed and continues to fail in meeting [its] duty of securing the right to counsel to accused persons (a) by failing to inform persons accused of various misdemeanors of their right to a Public Defender if they cannot afford private counsel; (b) in cases where such persons are so informed, by actively discouraging them from exercising their rights; and (c) in cases where persons insist upon exercising their rights, by refusing to appoint a Public Defender to represent such persons." Appellants as a class ask us, in effect, to require respondent to henceforth abide by the laws of California in regard to the appointment of counsel. It is not our function to make such an order, for the respondent is already under that compulsion. "Under article I, section 13 of the California Constitution, there can be no doubt that the fundamental right to the assistance of counsel is guaranteed to all persons . . . charged with a misdemeanor in a justice or other inferior court." (*In re Smiley*, 66 Cal.2d 606, 614 [58 Cal.Rptr. 579, 427 P.2d 179].) We read these words to mean what they say: California guarantees the right of counsel in *all* misdemeanor actions (as distinguished from "infractions" (Veh. Code, § 40000)). Appellants' class petition and appeal may be premised on a conception that the law in California is not settled (as it is not in the federal jurisdiction)[5] as to whether a court need or need not appoint an attorney for an indigent in less serious misdemeanor cases, and so a declaration from a reviewing court is needed. However, under the above cited cases, it is settled in California.

█ A writ of prohibition is an improper remedy.[6]

The judgment is affirmed.

Kaus, P. J., and Reppy, J., concurred.

---

[4]We recognize that the "class" as set forth in the petition included others than indigents, and hence would unquestionably exceed permissible breadth; on the basis of the presentation to the superior court, we treat the "class" as having been limited to those defendants who are in fact indigents, and that is the manner in which the cause was argued to us.

[5]For the federal situation, see two cases currently before the United States Supreme Court, the rulings on which may decide the question: *State ex rel. Argersinger* v. *Hamlin* (Fla. 1970) 236 So.2d 442, cert. granted, 401 U.S. 908 [27 L.Ed.2d 805, 91 S.Ct. 887], summary, 39 U.S.L.W. 3405 (No. 5798, Oct. term, 1970); *Mayer* v. *City of Chicago* (Ill. 1970), prob. juris. noted, 401 U.S. 906 [27 L.Ed.2d 804, 91 S.Ct. 893], summary, 39 U.S.L.W. 3405 (No. 6061, Oct. term, 1970).

[6]Grievances that go to the persistent refusal of a judge to follow the law may be brought to the attention of the Commission of Judicial Qualifications. (Cal. Const., art. VI, § 18 (c): "On recommendation of the Commission of Judicial Qualifications the Supreme Court may . . . censure or remove a judge for . . . wilful and persistent failure to perform his duties . . . or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.")