[L.A. No. 30947. Dec. 14, 1978.]

JONATHAN WAYNE TRACY, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE GLENDALE JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Appellant;
THE PEOPLE, Real Party in Interest and Appellant.

GARY DONALD LOISEAU, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE CITRUS JUDICIAL DIS-
TRICT OF LOS ANGELES COUNTY, Defendant and Appellant;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

John H. Larson, County Counsel, and David B. Kelsey, Deputy County Counsel, for Defendants and Appellants.

John K. Van de Kamp, District Attorney, Harry B. Sondheim, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Real Party in Interest and Appellant.

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Anita S. Brenner and Dennis A. Fischer, Deputy Public Defenders, for Plaintiffs and Respondents.

Harry V. Lehmann, Peter M. Weil and Fred Okrand as Amici Curiae on behalf of Plaintiffs and Respondents.

**OPINION**

**MANUEL, J.—** ■ In these consolidated appeals we must decide whether indigent defendants charged with possession of less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)) are entitled to the assistance of appointed counsel and to trial by jury. In separate mandate proceedings the superior court held that such defendants are entitled to those rights on the ground that the offense is a misdemeanor and not an infraction. It entered judgments accordingly. The municipal

courts and the People appeal. Despite the fact that the offense is punishable only by a fine of $100, we conclude that the Legislature meant precisely what it said when it designated the offense a misdemeanor and therefore the judgments must be affirmed.

■ At the outset we note that during the pendency of the appeal, respondent Loiseau appeared in the trial court represented by the public defender, waived jury trial, entered a guilty plea as charged, and paid a fine of $100. Since only the Loiseau appeal presents the issue of right to trial by jury, and because that issue is of broad public interest and is likely to recur, we exercise our inherent discretion to resolve the issue even though Loiseau's guilty plea has rendered it technically moot. (*Ferrara* v. *Belanger* (1976) 18 Cal.3d 253, 259 [13 Cal.Rptr. 849, 555 P.2d 1089]; *In re Law* (1973) 10 Cal.3d 21, 23 [109 Cal.Rptr. 573, 513 P.2d 621]; *In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

■ Appellants contend that the rights to appointment of counsel and to trial by jury are not required in prosecutions involving offenses punishable by fine only and that the Legislature did not intend to extend these rights to defendants charged with violation of subdivision (b) of section 11357.[1] They urge that despite its definition as a misdemeanor, the offense has all the attributes of a petty offense and is therefore only an infraction. They contend that a person charged with the offense has neither the right to trial by jury nor the right to appointed counsel.

Section 11357, subdivision (b) provides: "Except as authorized by law, every person who possesses not more than one avoirdupois ounce of marijuana, other than concentrated cannabis, *is guilty of a misdemeanor* and shall be punished by a fine of not more than one hundred dollars ($100). Notwithstanding other provisions of law, if such person has been previously convicted three or more times of an offense described in this subdivision during the two-year period immediately preceding the date of commission of the violation to be charged, the previous convictions shall also be charged in the accusatory pleading and, if found to be true by the jury upon a jury trial or by the court upon a court trial or if admitted by the person, the provisions of Sections 1000.1 and 1000.2 of the Penal Code shall be applicable to him, and the court shall divert and refer him for education, treatment, or rehabilitation, without a court hearing or determination or the concurrence of the district attorney, to an appropriate community program which will accept him. If the person is so diverted and referred he shall not be subject to the

[1]All statutory references are to Health and Safety Code unless otherwise indicated.

fine specified in this subdivision. If no community program will accept him, the person shall be subject to the fine specified in this subdivision. In any case in which a person is arrested for a violation of this subdivision and does not demand to be taken before a magistrate, such person shall be released by the arresting officer upon presentation of satisfactory evidence of identity and giving his written promise to appear in court, as provided by Section 853.6 of the Penal Code, and shall not be subjected to booking." (Amended by Stats. 1975, ch. 248, § 2, p. 641; Stats. 1976, ch. 1139, § 71, p. 5081, operative July 1, 1977; italics added.)

■ In construing a statute to determine the intent of the Legislature the court "turns first to the words themselves for the answer." (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182 [217 P.2d 1]; see *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640 [335 P.2d 672].) ■ The statute explicitly states that possession of small amounts of marijuana is a misdemeanor. In the absence of compelling countervailing considerations, we must assume that the Legislature "knew what it was saying and meant what it said." (*People* v. *Rodriguez* (1963) 222 Cal.App.2d 221, 227 [34 Cal.Rptr. 907].) We find no such considerations here. Indeed, the plain meaning of the statute is supported by the legislative history and other aids to interpretation.

Consideration of the deletions, as well as additions, to proposed legislative enactments has traditionally served as an interpretative tool for the courts. (See, e.g., *Dami* v. *Dept. Alcoholic Bev. Control* (1959) 176 Cal.App.2d 144, 148 [1 Cal.Rptr. 213].) The Legislature's first proposed bill, Senate Bill No. 95 (1975-1976 Reg. Sess.) sought to decriminalize the simple possession of three or less ounces of marijuana, other than concentrated cannabis, by classifying the offense as an *infraction* punishable by a fine of not more than $100. The final version of Senate Bill No. 95, which included the modification of section 11357, provided that unlawful simple possession of less than one ounce of marijuana is a *misdemeanor* punishable by a fine of not more than $100. That this change was deliberately made to settle how the offense would be classified clearly appears from the section's other provisions with respect to jury trial.

The statute provides for mandatory diversion upon conviction of the fourth offense. The provision for diversion requires that the prior convictions be charged in the accusatory pleading and be admitted by the defendant or "found to be true by the jury upon a jury trial or by the

court upon a court trial. . . ." The reference to trial by jury was not in the original version of subdivision (b); it was added only after the amendment which reclassified the offense from an infraction to a misdemeanor. Thus, the Legislature recognized that, under the provisions of section 689 of the Penal Code,[2] a jury trial would be accorded to one charged with a misdemeanor and wished to make clear that, insofar as the priors were concerned, it was defendant's choice whether to admit them or leave them for determination by the trier of fact, the court or the jury.

Appellants contend, however, that despite the Legislature's deliberate decision to classify the offense as a misdemeanor, it should not carry with it the indicia of such a crime. There is no merit in this contention.[3]

■ Subject to the constitutional prohibition of cruel and unusual punishment, the Legislature has the power and duty to define and classify crimes and offenses. (*In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921]; *People* v. *Knowles, supra,* 35 Cal.2d at p. 181.) In California, crimes and public offenses are classified as felonies, misdemeanors, and infractions. (Pen. Code, § 16.) "A felony is a crime which is punishable with death or by imprisonment in the state prison. *Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions.*" (Pen. Code, § 17, subd. (a); italics added.)

Prior to 1968 all crimes were classified as felonies and misdemeanors. In 1968 the third category, infractions, was added to the statutory scheme: Penal Code section 19c states that "[a]n infraction is not punishable by imprisonment" and that a person charged with an infraction is not entitled to a jury trial nor to appointed counsel except in specified instances not here relevant.[4]

■ When the Legislature enacted section 19c of the Penal Code to set out the characteristics of, and procedures for, prosecution of an offense

[2]Section 689 of the Penal Code provides: "No person can be convicted of a public offense unless by verdict of a jury, accepted and recorded by the court, by a finding of the court in a case where a jury has been waived, or by a plea of guilty."

[3]For a careful and thoughtful analysis of the implications and impact of the legislation on the criminal justice system, see Uelmen, *California's New Marijuana Law: A Sailing Guide for Uncharted Waters* (1976) 51 State Bar J. 27.

[4]To date the Legislature has generally limited the classification of infractions to minor traffic violations. (See Veh. Code, § 40000.1 et seq.; *People* v. *Prince* (1976) 55 Cal.App.3d Supp. 19, 27-28 [127 Cal.Rptr. 296]; but see Health & Saf. Code, § 1909 [possession of animal in violation of rabies control statute]; Agr. Code, § 31401 [dog licensing and regulation].)

designated an infraction, it did not · provide that all offenses not punishable by imprisonment are infractions. It merely recognized that what might elsewhere be defined as an infraction could not be punished by imprisonment. Although ·the Legislature recognized this common denominator for all infractions, it did not thereby convert all misdemeanors not punishable by imprisonment to infractions. Thus, all offenses which are not felonies remain misdemeanors regardless of how they are punished except those offenses the Legislature chooses to classify as infractions (Pen. Code, § 17, subd. (a)). As in many other instances,[5] the Legislature has here chosen to classify the offense a misdemeanor punishable only by fine.

■   A person charged with a misdemeanor is entitled to the assistance of court-appointed counsel (Pen. Code, § 686) and to a trial by jury (Pen. Code, § 689). (See also *In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179]; *Echavarria* v. *Justice Court* (1971) 21 Cal.App.3d 889, 893 [99 Cal.Rptr. 98]; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 297-302 [110 Cal.Rptr. 329, 515 P.2d 273].) Since these rights are afforded by statute we express no opinion on the constitutional issues raised by the parties.

The judgments are affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.

---

[5]Among the offenses classified as misdemeanors and punishable only by fine are Education Code section 32210 (willful disturbance of public school or public school meeting); Health and Safety Code section 3704 (use of common drinking cups by businesses); section 3803 (use of common towels by businesses); section 11360, subdivision (b) (giving away or transporting less than an ounce of marijuana); Labor Code section 2263 (failure to provide toilet and water facilities to employees in a theatre); Penal Code sections 374b and 374b.5 (dumping or littering roads or property); section 374e (littering waters). The Vehicle Code also contains provisions for only a fine in a number of offenses classified as misdemeanors (e.g., violation of weight regulations, §§ 40000.23, 42030).

We reject the People's characterization of these instances as "aberrations" of the statutory scheme.