TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| | : | |
| OPINION | : | No. 99-710 |
| | : | |
| of | : | October 8, 1999 |
| | : | |
| BILL LOCKYER | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE TONY STRICKLAND, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May the owner of a bar or tavern with a total of five or fewer employees permit smoking in the bar or tavern?

CONCLUSION

The owner of a bar or tavern with a total of five or fewer employees may not permit smoking in the bar or tavern.

ANALYSIS

Labor Code section 6404.5[1] prohibits smoking in most places of employment in California. The question presented for resolution concerns whether this general prohibition is applicable to bars and taverns with five or fewer employees. We conclude that there is no exemption from the prohibition for such places of employment.

An employer must maintain a place of employment that is safe and healthful. (§§ 6400-6407.) In enacting section 6404.5, the Legislature has sought to protect employees from second-hand smoke and to bring uniformity to workplace smoking restrictions. (§ 6404.5, subd. (a); 81 Ops.Cal.Atty.Gen. 122, 123 (1998); 79 Ops.Cal.Atty.Gen. 8, 13 (1996).)

Section 6404.5 states in relevant part:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) No employer shall knowingly or intentionally permit, and no person shall engage in, the smoking of tobacco products in an enclosed space at a place of employment.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For purposes of this section, 'place of employment' does not include any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(8) Bars and taverns, in which smoking is permitted by subdivision (f). . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(14) Employers with a total of five or fewer employees, either full-time or part-time, may permit smoking where all of the following conditions are met:

"(A) The smoking area is not accessible to minors.

---

[1] Further references to the Labor Code are by section number only.

"(B) All employees who enter the smoking area consent to permit smoking. . . .

"(C) Air from the smoking area shall be exhausted directly to the outside by an exhaust fan. . . .

"(D) The employer shall comply with any ventilation standard . . . adopted by the Occupational Safety and Health Standards Board or the federal Environmental Protection Agency. . . .

"This paragraph shall not be construed to (i) supersede or render inapplicable any condition or limitation on smoking areas made applicable to specific types of business establishments by any other paragraph of this subdivision or (ii) apply in lieu of any otherwise applicable paragraph of this subdivision that has become inoperative.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(f)(1) Except as otherwise provided in this subdivision, smoking may be permitted . . . in bars and taverns, as defined in paragraph (8) of subdivision (d), until the earlier of the following:

"(A) January 1, 1998.

"(B) The date of adoption of a regulation (i) by the Occupational Safety and Health Standards Board . . . or (ii) by the federal Environmental Protection Agency . . . that will prevent anything other than insignificantly harmful effects to exposed persons.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) If a regulation specified in subparagraph (B) of paragraph (1) is not adopted on or before January 1, 1998, the exemptions specified in paragraphs (7) and (8) of subdivision (d) shall be inoperative on and after January 1, 1998, until a regulation is adopted. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(j) Any violation of the prohibition set forth in subdivision (b) is an infraction, punishable by a fine . . . . This subdivision shall be enforced by local law enforcement agencies including, but not limited to, local health departments, as determined by the local governing body.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

No regulation has been adopted by the Occupational Safety and Health Standards Board or by the federal Environmental Protection Agency. (§ 6404.5, subd. (f)(1)(B).) Accordingly, as of January 1, 1998, smoking was prohibited in bars and taverns throughout California. (§ 6404.5, subd. (f)(1)(A), (3).)

In analyzing the requirements of section 6404.5, we may rely upon well recognized principles of statutory interpretation. The guiding principle "is to ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc.* v. *Fair Employment & Housing* (1987) 43 Cal.3d 1379, 1386.) In ascertaining legislative intent, we turn first to the language used (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764), giving the words their ordinary and usual meanings (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884). "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3 1142, 1159.) "'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323.)

The key provision of section 6404.5 requiring our interpretation is paragraph (14) of subdivision (d). This paragraph sets forth the "five or fewer employees" exemption from the smoking prohibition but contains the following declaration:

"This paragraph shall not be construed to (i) supersede or render inapplicable any condition or limitation on smoking areas made applicable to specific types of business establishments by any other paragraph of this subdivision or (ii) apply in lieu of any otherwise applicable paragraph of this subdivision that has become inoperative."

The "five or fewer employees" exemption thus does not apply in two situations. First, is there a "condition or limitation on smoking areas made applicable to specific types of business establishments by any other paragraph of this subdivision"? The answer is "yes"; paragraph 8 of subdivision (d), as previously quoted, imposes a condition or limitation on smoking specifically in bars and taverns. The condition or limitation is that the smoking must be "permitted by subdivision (f)."

Under subdivision (f) of section 6404.5, as indicated above, smoking is no longer permitted in bars and taverns. Hence, as of January 1, 1998, smoking in bars and taverns has been subject to a "condition or limitation" of outright prohibition pursuant to subdivision (d)(8) of section 6404.5. This "condition or limitation" applies and takes precedence over the general exemption for "five or fewer employees" contained in subdivision (d)(14) of section 6406.5.

The foregoing analysis answers the question presented. However, for purposes of completeness, we note that the same conclusion may be reached by examining the second situation in which the "five or fewer employees" exemption is inapplicable. Is there "any otherwise applicable paragraph of this subdivision that has become inoperative"? Again, the answer is "yes"; paragraph (8) of subdivision (d) has become inoperative effective January 1, 1998, with respect to smoking in bars and taverns. (§ 6404.5, subd. (f)(3).) Accordingly, the general exemption for "five or fewer employees" is inapplicable to bars and taverns as set forth in section 6404.5, subdivision (d)(14).

Our construction of section 6404.5 gives meaning to all the provisions of the statute, harmonizing them, and effectuating the apparent legislative intent. With respect to the Legislature's purposes, the historical note published in the annotated code for section 6404.5 states:

"The Senate Daily Journal for the 1993-94 Regular Session, pages 5528 to 5529, contained the following letter dated June 20, 1994, from Gene Wong, counsel for the Senate Judiciary Committee, regarding A.B.13 (Stats.1994, c. 310):

"'Last Thursday, you requested a quick memo on the meaning of the June 16th amendments to AB 13. Particularly, you were interested in the relationship of the new exemption (No. 14) for "employers with a total of five or fewer employees" and the exemption (No. 8) for bars and taverns. During the discussion of the amendments, you asked whether the new exemption applied to bars and taverns and would permit smoking in that employment situation. The response from Senator Bergeson was that it did. That response was incorrect and requires clarification.

"'Under exemption No. 8, bars and taverns (defined to include "stand-alone" bars and hotel bars, but not including restaurant bars) are exempt from the smoking restrictions of AB 13 until January 1, 1997. If Cal/OSHA or federal EPA adopts standards to reduce employee exposure to environmental tobacco smoke before Jan. 1, 1997, the business may permit smoking for two additional years while it complies with the standard. If the standards are not

adopted, the exemption would expire on Jan. 1, 1997 and smoking would be prohibited in those establishments until the adoption of those standards. Upon that adoption, the business will have two years to comply and may permit smoking during that compliance period.

"'New exemption No. 14 permits smoking in employment situations involving five or fewer employees. The exemption is conditioned upon the area being closed to minors and the consent of all employees who enter that area to permit smoking. A question, which you raised, arises as to its relationship with the bar and tavern exemption since many bars and taverns will have five or fewer employees.

"'New exemption No. 14 would not permit smoking in bars and taverns. By its terms, on page 8, lines 8 to 14, the exemption does not "supersede or render inapplicable any condition or limitation on smoking areas made applicable to specific types of business establishments" by any other exemption, and does not apply in lieu of any otherwise applicable exemption that has become inoperative.

"'Thus, by its terms, exemption No. 14 would not apply to bars and taverns, both now or when the conditional exemption for bars and taverns lapses in 1997.

"'There is a possible application of the exemption which has not been previously discussed. There is presently no express exemption or treatment of restaurants in AB 13. Thus, smoking in that workplace would be banned. However, exemption No. 14 is broad enough to encompass small restaurants with five or fewer employees and would provide them with that conditional exemption.

"'If you have any questions on the above, I would be happy to respond.'" (Historical note, West's Ann. Labor Code, § 6404.5 (1999 pocket supp.) p. 66.)

Our construction of the terms of section 6404.5 is also consistent with that of the Legislative Counsel (Ops. Cal. Legis. Counsel, No. 24807 (Dec. 20, 1997) Smoking Ban: Bars, pp. 7-8), as well as that of the Division of Occupational Safety and Health of the Department of Industrial Relations (Dept. Industrial Relations memorandum (Dec. 1, 1997) Statewide Smoking Ban For Bars, Taverns, and Clubs, p. 4) and that of the Office of Legal Services of the Department of Health Services (Dept. Health Services memorandum (Aug. 15, 1997) Smoking in Small Bars, p. 2).

We thus conclude that the owner of a bar or tavern with a total of five or fewer employees may not permit smoking in the bar or tavern.

* * * * *