TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  | : |  |
|---|---|---|
| OPINION | : | No. 99-811 |
|  | : |  |
| of | : | November 8, 1999 |
|  | : |  |
| BILL LOCKYER | : |  |
| Attorney General | : |  |
|  | : |  |
| ANTHONY M. SUMMERS | : |  |
| Deputy Attorney General | : |  |
|  | : |  |

THE BOARD OF PRISON TERMS has requested an opinion on the following question:

May the Board of Prison Terms schedule the parole hearing of a person sentenced to state prison for attempted first degree murder beyond two years from the date of his or her last hearing?

CONCLUSION

The Board of Prison Terms may not schedule the parole hearing of a person sentenced to state prison for attempted first degree murder beyond two years from the date of his or her last hearing.

ANALYSIS

The Board of Prison Terms ("Board") normally holds annual parole hearings in order to determine when persons imprisoned in the state prisons may "go upon parole outside the prison walls and enclosures." (Pen. Code, § 3040.)[1] However, two exceptions allow for the scheduling of parole hearings beyond the yearly review; one exception authorizes a delay of up to five years between parole hearings. Section 3041.5 provides:

"(a) At all hearings for the purpose of reviewing a prisoner's parole suitability, or the setting, postponing, or rescinding of parole dates, the following shall apply:

"(1) At least 10 days prior to any hearing by the Board of Prison Terms, the prisoner shall be permitted to review his or her file which will be examined by the board and shall have the opportunity to enter a written response to any material contained in the file.

"(2) The prisoner shall be permitted to be present, to ask and answer questions, and to speak on his or her own behalf.

"(3) Unless legal counsel is required by some other provision of law, a person designated by the Department of Corrections shall be present to insure that all facts relevant to the decision be presented, including, if necessary, contradictory assertions as to matters of fact that have not been resolved by departmental or other procedures.

"(4) The prisoner shall be permitted to request and receive a stenographic record of all proceedings.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b)(1) Within 10 days following any meeting where a parole date has been set, the board shall send the prisoner a written statement setting forth his or her parole date, the conditions he or she must meet in order to be released on the date set, and the consequences of failure to meet those conditions.

---

[1] Subsequent references to the Penal Code will be by section number only.

"(2) Within 20 days following any meeting where a parole date has not been set for the reasons stated in subdivision (b) of Section 3041, the board shall send the prisoner a written statement setting forth the reason or reasons for refusal to set a parole date, and suggest activities in which he or she might participate that will benefit him or her while he or she is incarcerated.

"The board shall hear each case annually thereafter, except the board may schedule the next hearing no later than the following:

"(A) Two years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following year and states the bases for the finding.

"*(B) Up to five years after any hearing at which parole is denied if the prisoner has been convicted of murder, and the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding in writing. . . .*"  (Italics added.)[2]

The issue to be resolved is whether a person who has been sentenced to state prison for attempted first degree murder "has been convicted of murder."  (§ 3041.5, subd. (b)(2)(B).)  If so, the Board may postpone his or her next parole hearing for "[u]p to five years."  (*Ibid.*)  If not, the Board may only postpone the hearing for up to two years.  (§ 3041.5, subd. (b)(2)(A).)  We conclude that a sentence to state prison for attempted first degree murder does not constitute a conviction of murder for purposes of section 3041.5.

Section 664 provides:

"Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts, as follows:

---

[2] Subdivision (b) of section 3041 states:

"The panel or board shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."

"(a) If the crime attempted is punishable by imprisonment in the state prison, the person guilty of the attempt shall be punished by imprisonment in the state prison for one-half the term of imprisonment prescribed upon a conviction of the offense attempted. However, if the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. . . ."

Section 189 defines willful, deliberate, and premeditated murder as follows:

"All murder which is perpetrated . . . by any . . . kind of willful, deliberate, and premeditated killing . . . is murder of the first degree. All other kinds of murders are of the second degree."

In interpreting these various statutes, the guiding principle "is to ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386.) In ascertaining legislative intent, we turn first to the language used (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764), giving the words their ordinary and usual meanings (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884). "'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.'" (*Woods* v. *Young* (1991) 53 Cal.3d 315, 323.) "In analyzing statutory language, we seek to give meaning to every word and phrase in the statute to accomplish a result consistent with the legislative purpose . . . ." (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1159.)

Subdivision (b)(2)(B) of section 3041.5 expressly permits the possibility of a five-year postponement between parole hearings only "if the prisoner . . . has been convicted of murder . . . ." A person sentenced to state prison for attempted first degree murder has not been convicted of murder. Section 664 does not specify an attempt as the crime itself; rather, it describes the amount of punishment to be imposed for the attempt. With respect to attempted first degree murder, the sentence is to be "imprisonment in the state prison for life with the possibility of parole." (§ 664, subd. (a).) This punishment is to be contrasted with the punishment for a conviction of murder, which may include death or imprisonment for life without the possibility of parole. (§§ 190-190.4.) Just as the possible penalty for murder is more severe than for attempted murder, the Legislature has fashioned different consequences in the parole hearing process. Only those convicted of murder may be subject to the delayed parole hearing provisions of section 3041.5, subdivision (b)(2)(B).

The Legislature has distinguished in section 3041.5 between the taking of human life by an act of murder and where no murder has occurred. If the Legislature had

intended those persons sentenced for attempted first degree murder to be given special treatment under the statute, it knew how to do so. We may not add words to the express terms of section 3041.5 in the guise of statutory interpretation. (See *California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 ["'This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed'"]; *Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1097 ["'courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions'"].)

We thus conclude that the Board may not schedule a parole hearing for a person sentenced to state prison for attempted first degree murder beyond two years from the date of his or her last hearing.

\* \* \* \* \*