# IN THE SUPREME COURT OF CALIFORNIA

CHRISTOPHER GARDNER, as Public Defender, etc.,
Petitioner,

v.

APPELLATE DIVISION OF THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY,
Respondent;

THE PEOPLE,
Real Party in Interest.

S246214

Fourth Appellate District, Division Two
E066330

San Bernardino County Superior Court
CIVDS1610302 & ACRAS1600028

March 28, 2019

Justice Kruger authored the opinion of the court, in which
Chief Justice Cantil-Sakauye and Justices Chin, Corrigan, Liu,
Cuéllar, and Groban concurred.

GARDNER v. APPELLATE DIVISION OF
SUPERIOR COURT

S246214


Opinion of the Court by Kruger, J.


With the help of court-appointed counsel, a criminal defendant facing misdemeanor charges filed a successful motion to suppress the prosecution's evidence against her.  The prosecution appealed.  The question is whether the defendant is entitled to the help of appointed counsel in responding to the prosecution's appeal of the suppression order.  Based on article I, section 15 of the California Constitution, we conclude the answer is yes.

## I.

This case arises from the criminal prosecution of Ruth Zapata Lopez, who was charged by misdemeanor complaint with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and driving while having a blood-alcohol content of 0.08 percent or higher (*id.*, § 23152, subd. (b)).  The complaint also alleged that Lopez had suffered a prior conviction for driving while having a blood-alcohol content of 0.08 percent or higher.  The charges against Lopez are punishable by confinement in county jail.  (See *id.*, § 23540, subd. (a) [minimum punishment for violating Veh. Code, § 23152 within 10 years of prior conviction under § 23152 is "imprisonment in the county jail for not less than 90 days nor more than one year" and a fine]; see also *id.*, § 23542, subd. (a)(1)(B) [grant of probation requires confinement in county jail "[f]or at least 96 hours"].)

1

The petitioner in this case is the Public Defender of San Bernardino County, whom the superior court appointed to represent Lopez.[1]  (See Pen. Code, § 987, subd. (a); see also *id.*, § 987.2, subd. (i).)[2]  On behalf of Lopez, petitioner filed a motion under Penal Code section 1538.5 to suppress evidence collected during a warrantless traffic stop.  The court conducted a limited hearing on the motion, during which Lopez was assisted by a Spanish language interpreter.  Petitioner argued that the traffic stop leading to Lopez's detention was invalid, rendering the subsequent search unlawful.  The court agreed and granted the motion to suppress.  The court then dismissed the underlying case under Penal Code section 1385.  (Pen. Code, § 1385, subd. (a) [authorizing judge to dismiss action "in furtherance of justice"].)

The prosecution appealed the suppression order to the appellate division of the superior court.   (See Pen. Code,

---

[1]    The San Bernardino Public Defender serving at the time, Phyllis K. Morris, has since been succeeded in office by Christopher Gardner, who has been substituted as a party.

[2]    Penal Code section 987, subdivision (a), provides:  "In a noncapital case, if the defendant appears for arraignment without counsel, he or she shall be informed by the court that it is his or her right to have counsel before being arraigned, and shall be asked if he or she desires the assistance of counsel.  If he or she desires and is unable to employ counsel the court shall assign counsel to defend him or her."

Penal Code section 987.2, subdivision (i), provides in relevant part:  "Counsel shall be appointed to represent, in a misdemeanor case, a person who desires but is unable to employ counsel, when it appears that the appointment is necessary to provide an adequate and effective defense for the defendant."

§ 1538.5, subd. (j) ["If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for . . . the suppression of evidence in the superior court prior to trial, both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the appellate division . . . ."].) Questions promptly arose as to who, if anyone, would represent Lopez in responding to the appeal. Petitioner took the view that the public defender's office was no longer obligated to represent Lopez,[3] and asked the appellate division to appoint new counsel to represent her.[4] The appellate division refused. Court clerks informed petitioner that, as the respondent in a misdemeanor appeal, Lopez was not eligible for appointment of appellate counsel. In an e-mail to a member of the office, a clerk also wrote that, in the court's view, the public defender " 'is still counsel' " for Lopez. (*Morris v.*

---

[3]    Petitioner relied for this argument on Government Code section 27706, subdivision (a), which provides in relevant part: "The public defender . . . shall prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction."

[4]    To make the request, the public defender adapted a form entitled "Request for Court-Appointed Lawyer in Misdemeanor Appeal," which indicated that it was "only for requesting that the court appoint a lawyer to represent a person *appealing* in a misdemeanor case." (Italics added, bold omitted.) In the portion of the form calling for "Name of Appellant (the party who is filing this appeal)," the public defender crossed out "Appellant (the party who is filing this appeal)" and typed in "Appellee." Where the form called for the name of "Appellant's lawyer," the public defender crossed out the word "Appellant's" and typed in "Appellee's."

*Appellate Division of Superior Court* (2017) 17 Cal.App.5th 636, 654 (*Morris*).)

Petitioner filed a petition for writ of mandate in the appellate division. The petition asked the court to direct the superior court "to appoint counsel for all indigent appellees in all misdemeanor criminal appeals," as well as to issue a judgment declaring that the superior court "may not appoint the Public Defender to represent indigent appellees in misdemeanor criminal appeals, or declare the Public Defender to remain appointed in cases where the Public Defender previously represented an indigent appellee in the Superior Court." The appellate division summarily denied the petition. Petitioner then sought a writ of mandate in the Court of Appeal, which also issued a summary denial. This court granted review and transferred the matter to the Court of Appeal with directions to issue an order to show cause.

In a published opinion, the Court of Appeal again denied the petition. Without addressing whether the public defender remains appointed to represent Lopez, the Court of Appeal held that Lopez neither has the right to appointment of counsel under court rules nor a constitutional entitlement to be represented by counsel on appeal. (*Morris, supra*, 17 Cal.App.5th at pp. 644, 653.)

The Court of Appeal explained that the appellate division had been correct as to court rules: While the California Rules of Court provide for the appointment of appellate counsel for an indigent criminal defendant "convicted of a misdemeanor" (Cal. Rules of Court, rule 8.851(a)(1), (2)), the rules make no provision for the appointment of appellate counsel to represent a misdemeanor defendant who, like Lopez, has not yet been

convicted. (*Morris*, *supra*, 17 Cal.App.5th at p. 644.) The court went on to consider whether, notwithstanding the limited scope of the court rules, the Sixth and Fourteenth Amendments to the United States Constitution require that Lopez be represented by counsel if she so chooses. The court answered that question in the negative. As an initial matter, the court concluded that the Sixth Amendment right to appointed counsel does not apply in appellate proceedings; the right to appellate counsel is instead governed by the due process and equal protection clauses of the Fourteenth Amendment. (*Morris*, at p. 645.) But in any event, under the Sixth and Fourteenth Amendments alike, the right to counsel applies only when the defendant may lose his or her physical liberty as a direct consequence of the action. (*Morris*, at pp. 646–647.) Here, the court opined, that is not the case; even if no counsel is appointed for purposes of the appeal, Lopez faces no deprivation of "the right to be free from uncounseled imprisonment" "since she will be represented at trial even if the People prevail in the appellate division." (*Id.* at p. 647.)

We granted review.

## II.

Before turning to the merits, we address a threshold issue concerning the legal framework for our decision. In their initial briefing before this court, the parties focused on the scope of the right to counsel secured by the Sixth Amendment to the United States Constitution. That amendment, which is binding on the states through the Fourteenth Amendment, gives an indigent defendant facing incarceration the right to court-appointed counsel for his or her defense. (*Gideon v. Wainwright* (1963) 372 U.S. 335, 342–343 (*Gideon*).)

5

But in California courts, the federal Constitution is not the sole source of a criminal defendant's right to representation. Article I, section 15 of the California Constitution, too, guarantees a right to "the assistance of counsel for the defendant's defense" in a "criminal cause." (Cal. Const., art. I, § 15.) Much like its federal counterpart, article I, section 15 has been understood to confer a right to state-appointed counsel for indigent defendants. (*Mills v. Municipal Court* (1973) 10 Cal.3d 288, 301 (*Mills*); *In re Johnson* (1965) 62 Cal.2d 325, 329–330 (*Johnson*).) But it has also been understood to extend more broadly than its federal counterpart, particularly in relation to misdemeanor cases like this one. (Compare *Alabama v. Shelton* (2002) 535 U.S. 654, 661–662 (*Shelton*) [6th Amend. right to appointed counsel applies to misdemeanor cases resulting in imprisonment], with *Mills*, at p. 301 [Cal. Const. confers right to counsel in all misdemeanor cases, without regard to whether imprisonment is imposed].) To implement the state constitutional guarantee, the Legislature has enacted several statutory provisions governing the appointment of counsel for defendants facing both felony and misdemeanor charges. (See Pen. Code, §§ 686, 987, subd. (a), 987.2, subd. (i).)

Because of its importance to full consideration of the issue before us, we directed the parties to submit supplemental briefs regarding the relevance of article I, section 15 of the California Constitution. We now conclude that article I, section 15 is dispositive of the question presented. Our holding makes it unnecessary for us to decide whether the same result would obtain under the federal Constitution.

## III.

Under article I, section 15 of the California Constitution, a defendant's right to the assistance of counsel is not limited to trial, but instead extends to other, "critical" stages of the criminal process. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465 (*Bryant, Smith and Wheeler*); *People v. Bustamante* (1981) 30 Cal.3d 88, 97–99 (*Bustamante*).) This rule, which was first articulated in cases interpreting the Sixth Amendment, recognizes that the right to the assistance of counsel is fashioned according to the need for such assistance, and this need may very well be greater during certain pre- and posttrial events than during the trial itself. (*Lafler v. Cooper* (2012) 566 U.S. 156, 165 (*Lafler*); *United States v. Wade* (1967) 388 U.S. 218, 224 (*Wade*).)

For purposes of determining whether the right to counsel extends to a particular proceeding, we have described a critical stage as "one 'in which the substantial rights of a defendant are at stake' [citation], and 'the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial' [citation]." (*Bryant, Smith and Wheeler*, *supra*, 60 Cal.4th at p. 465.) More broadly, critical stages can be understood as those events or proceedings in which the accused is brought in confrontation with the state, where potential substantial prejudice to the accused's rights inheres in the confrontation, and where counsel's assistance can help to avoid that prejudice. (See *Coleman v. Alabama* (1970) 399 U.S. 1, 7 (*Coleman*); accord, e.g., *Rothgery v. Gillespie County* (2008) 554 U.S. 191, 212, fn. 16.)

Employing this rubric, courts have identified the following proceedings, among others, as critical stages to which the constitutional right to counsel attaches: arraignments

(*Hamilton v. Alabama* (1961) 368 U.S. 52, 54); preliminary hearings (*Coleman, supra,* 399 U.S. at p. 10); postindictment lineups (*Wade, supra,* 388 U.S. at p. 227); postindictment interrogations (*Massiah v. United States* (1964) 377 U.S. 201, 206); plea negotiations (*Missouri v. Frye* (2012) 566 U.S. 134, 143 (*Frye*), *In re Alvernaz* (1992) 2 Cal.4th 924, 933–934); and sentencing (*Lafler, supra,* 566 U.S. at p. 165). Relying solely on the state Constitution, this court has recognized a right to counsel in other proceedings as well. (E.g., *Bustamante, supra,* 30 Cal.3d at p. 102 [state right to counsel extends to preindictment lineups], disagreeing with *Kirby v. Illinois* (1972) 406 U.S. 682, 690.)[5]

Employing the same rubric here, we conclude that a pretrial prosecution appeal of a suppression order also qualifies as a critical stage of the prosecution at which the defendant has a right to appointed counsel as a matter of state constitutional law. The suppression of evidence is generally a matter of vital importance in the course of a criminal prosecution. As the high court has noted, "suppression hearings often are as important as the trial itself. [Citations.] In . . . many cases, the suppression hearing [is] the *only* trial . . . ." (*Waller v. Georgia* (1984) 467 U.S. 39, 46–47.) This case offers a vivid illustration of the point. In the trial court, Lopez, with her counsel's help, secured a favorable suppression ruling; in the absence of the suppressed evidence, the trial court concluded that the prosecution could not continue. A reversal on appeal would both

---

[5]     Of course, not every stage of the criminal process will qualify as a critical one at which counsel's assistance is required. (E.g., *People v. Lucas* (2014) 60 Cal.4th 153, 247 [the defendant had no right under federal or state Constitution to have his counsel present during investigatory forensic testing].)

revive the prosecution's case against Lopez and meaningfully increase the chances of conviction. In other cases, a ruling on a suppression order may not be entirely dispositive of the outcome, but may nevertheless have a dramatic impact on the prosecution's ability to meet its burden of proof at trial. Regardless of the scope of the suppression order in any given case, an appellate proceeding to determine whether the evidence will remain suppressed poses a clear and substantial risk of prejudice to the defendant's position at trial. (See *People v. Shuey* (1975) 13 Cal.3d 835, 841 [law of the case doctrine binds trial courts to appellate courts' legal rulings governing suppression motions].)

The need for counsel in responding to such a state-initiated appeal is equally clear and equally substantial. On appeal, the defendant " 'face[s] an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding.' " (*In re Olsen* (1986) 176 Cal.App.3d 386, 390, quoting *Evitts v. Lucey* (1985) 469 U.S. 387, 396.) These rules are forbidding for any layperson, but all the more so for criminal defendants who may come to court with a wide range of educational backgrounds and linguistic and other abilities. (See *Halbert v. Michigan* (2005) 545 U.S. 605, 621 ["Navigating the appellate process without a lawyer's assistance is a perilous endeavor for a layperson, and well beyond the competence of individuals . . . who have little education, learning disabilities, and mental impairments."].) Indeed, in part for these very reasons, the high court has held that a criminal defendant has a Fourteenth Amendment right to appointed counsel in his or her first appeal as of right. (See *Douglas v. California* (1963) 372 U.S. 353 (*Douglas*).) For the same reasons, we conclude that a defendant like Lopez is

entitled to the assistance of counsel in responding to the prosecution's appeal. Just as a defendant is unlikely to fare well in filing and litigating a suppression motion without the help of a trained attorney, a defendant will almost certainly struggle to defend the trial court's suppression ruling on appeal without the assistance of counsel "skilled in persuading a panel of appellate judges by means of a brief and perhaps oral argument." (*U.S. ex rel. Thomas v. O'Leary* (7th Cir. 1988) 856 F.2d 1011, 1014 (*O'Leary*).)

It is true, as respondent observes, that on appeal Lopez "will reap the benefit of standards of review and other procedural tools that are designed to protect the ruling the trial court has already made." But the effect of these "procedural tools" should not be overstated; there are limits to how much an appellate court can or should defer to a trial court's conclusions. (See, e.g., *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [on appeal, a court defers to the trial court's factual determinations if supported by substantial evidence, but reviews questions of law de novo].) Here, for example, we are concerned with a Fourth Amendment suppression ruling regarding evidence obtained without a warrant; in such cases, an appellate court independently applies the law to the trial court's factual findings, determining de novo whether the findings support the trial court's ruling. (*People v. Loewen* (1983) 35 Cal.3d 117, 123.) The effect of standards of review and other procedural tools is, moreover, often open to reasoned debate; in our adversarial system of justice, we ordinarily depend on the litigants to lay out the terms of that debate. For an indigent defendant who, like Lopez, has won the underlying ruling with counsel's assistance, standards of review

are not an adequate substitute for continued assistance on appeal.

Respondent raises two remaining arguments concerning the scope of Lopez's right to counsel. Both arguments are predicated on the federal Constitution rather than the California Constitution, which forms the basis of our judgment here. For the sake of completeness, however, we address—and reject—both arguments.

## IV.

First, respondent argues that the right to appointed counsel is a trial right, and therefore cannot confer a right to the appointment of counsel on appeal. Respondent relies for this argument on *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000) 528 U.S. 152 (*Martinez*), in which the high court considered whether the Sixth Amendment right of self-representation[6] entitles a convicted defendant to reject the help of state-appointed counsel in appealing his conviction. The court answered no, reasoning: "The Sixth Amendment identifies the basic rights that the accused shall enjoy in 'all criminal prosecutions.' They are presented strictly as rights that are available in preparation for trial and at the trial itself. The Sixth Amendment does not include any right to appeal. As we have recognized, '[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute.' [Citation.] It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal." (*Martinez*, at pp. 159–160.) As this court has since noted, it follows that the Sixth Amendment does not provide any basis

---

[6] See *Faretta v. California* (1975) 422 U.S. 806.

for finding a right to the appointment of counsel for purposes of appealing a conviction. (See *In re Barnett* (2003) 31 Cal.4th 466, 472–473 (*Barnett*), citing *Martinez, supra,* 528 U.S. 152; cf. *Barnett,* at pp. 472–473 [noting other authorities conferring right to counsel to bring first appeal as of right].) Respondent argues the same rule applies here, and defeats any Sixth Amendment claim Lopez might have to the appointment of appellate counsel.

Although we have never squarely addressed the question, we will assume *Martinez* applies equally to the state constitutional right to counsel under article I, section 15 of the California Constitution. Respondent's reliance on *Martinez* is unavailing all the same. The sort of appeal we are concerned with here—a pretrial prosecution appeal of a suppression order—is clearly not the sort of appeal the *Martinez* court had in mind. *Martinez* concerned a defendant's postconviction appeal: that is, an appeal that takes place after the prosecution is complete and charges against the defendant have been resolved. In such an appeal, the defendant initiates the appellate proceeding and "assumes the burden of persuading a reviewing court that the conviction should be reversed." (*Martinez, supra,* 528 U.S. at p. 154.) The pretrial appeal of a suppression order, by contrast, occurs before charges are finally resolved and while criminal proceedings are still ongoing (or, as in this case, are suspended pending the appellate court's decision whether the trial court's ruling will be reversed and the charges against the defendant revived). The appeal is not, of course, part of the criminal trial. But neither are lineups (see *Wade, supra,* 388 U.S. at p. 227; *Bustamante, supra,* 30 Cal.3d at p. 102) or plea negotiations (see *Frye, supra,* 566 U.S. at p. 143; *In re Alvernaz, supra,* 2 Cal.4th at pp. 933–934). The

constitutional right to counsel nevertheless extends to these confrontations by virtue of their potential to affect the ultimate resolution of the charges and the need for counsel's advice in navigating them. So, too, with a pretrial appeal of an order suppressing evidence.

But even if we were to accept respondent's limited view of the counsel clauses of the Sixth Amendment or article I, section 15, it would go only to show that petitioner has invoked the wrong constitutional provision; it would do nothing to undermine the substantive conclusion that the California Constitution entitles Lopez to the assistance of counsel in responding to the prosecution's appeal. As already noted, the high court has also held that a criminal defendant has the right to counsel's assistance in bringing his or her first appeal as of right, though that right is secured by the due process and equal protection clauses of the Fourteenth Amendment rather than by the Sixth Amendment. (See *Douglas*, *supra*, 372 U.S. 353; see also, e.g., *Lafler*, *supra*, 566 U.S. at p. 165 [noting rule that "defendants have a right to effective assistance of counsel on appeal, even though that cannot in any way be characterized as part of the trial"]; *Barnett*, *supra*, 31 Cal.4th at pp. 472–473 [also citing state statutory authority for the appointment of counsel for defendants bringing criminal appeals].) Appointed counsel, the high court has held, is necessary if the state-conferred right of appeal is to be more than "a meaningless ritual." (*Douglas*, at p. 358.)[7] Respondent has offered no reason

---

[7]      *Martinez*, by way of contrast, rejected the argument that the Fourteenth Amendment confers a right to *dispense* with the assistance of a state-appointed attorney on appeal, explaining that self-representation is not "a necessary component of a fair appellate proceeding." (*Martinez*, *supra*, 528 U.S. at p. 161.)

to believe our state Constitution would afford any lesser protection to indigent defendants pursuing such an appeal.

The reasons for requiring state-appointed counsel for a first postconviction appeal as of right apply with equal force in the context of the prosecution's pretrial appeal of the suppression order. (Accord, *O'Leary*, *supra*, 856 F.2d at p. 1015 [failing to appoint counsel for a defendant facing a pretrial prosecution appeal "would clash with the Fourteenth Amendment's Due Process Clause"].) Indeed, the reasons are arguably stronger. A defendant appealing his or her conviction ordinarily needs counsel "not as a shield to protect him against being 'haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt." (*Ross v. Moffitt* (1974) 417 U.S. 600, 610–611.) Lopez, by contrast, seeks counsel as a shield, not a sword. The prosecution has haled her into court, not the other way around, and it has done so while the presumption of innocence remains intact. Lopez is entitled to the assistance of counsel to respond.[8]

## V.

Respondent's final constitutional argument relates to the nature of the charges Lopez faces. While the United States Supreme Court has described the Sixth Amendment right to appointed counsel as generally applicable in felony cases (see *Gideon*, *supra*, 372 U.S. at p. 339), it has not ruled so

---

[8] This case, of course, concerns the right to appointed counsel for purposes of responding to a pretrial prosecution appeal of a favorable suppression ruling. We express no opinion about a defendant's right to appointed counsel for purposes of bringing a pretrial appeal of an adverse suppression ruling.

categorically in other cases. In defining the scope of the federal right to counsel in nonfelony cases, the high court's Sixth Amendment jurisprudence draws the line at cases involving " 'actual imprisonment.' " (*Shelton, supra,* 535 U.S. at p. 662; *Scott v. Illinois* (1979) 440 U.S. 367, 373; see *Argersinger v. Hamlin* (1972) 407 U.S. 25, 33.) Respondent argues, and the Court of Appeal agreed, that as a misdemeanor defendant, Lopez is not entitled to the assistance of counsel for purposes of responding to the prosecution's pretrial appeal because she faces no immediate prospect of imprisonment as a result of the appellate division's ruling. If the prosecution prevails, the worst case scenario for Lopez is the case will return to trial court, where she will be represented by counsel at the trial and sentencing that determine her fate. (*Morris, supra,* 17 Cal.App.5th at p. 647.)

Respondent's argument is beside the point here, for reasons we noted at the outset of the discussion: While the high court has drawn an "actual imprisonment" line in sketching the contours of a misdemeanor defendant's right to appointed counsel, California (like many states) has not adopted the same approach. (See p. 6, *ante*.)[9] Many decades ago, this court

---

[9] As the high court has acknowledged, California ranks among the many states that provide a right to appointed counsel that is more expansive than that afforded by the federal Constitution. (*Shelton, supra,* 535 U.S. at pp. 668–669 & fn. 8; *Nichols v. United States* (1994) 511 U.S. 738, 748, fn. 12.)

In invoking the "actual imprisonment" standard, respondent relies on the Court of Appeal's decision in *People v. Wong* (1979) 93 Cal.App.3d 151. In that case, the defendant sought the assistance of counsel to appeal a misdemeanor traffic conviction that resulted only in a fine and a penalty totaling $65.

affirmed that the predecessor to the current version of article I, section 15 of the California Constitution, confers a right to counsel "in *all* felony and misdemeanor proceedings whether actual imprisonment is to follow or not." (*Mills*, *supra*, 10 Cal.3d at p. 301; see also *In re Kathy P.* (1979) 25 Cal.3d 91, 103; *Rodriguez v. Municipal Court* (1972) 25 Cal.App.3d 521, 527 ["It is settled beyond cavil in this state that under the California Constitution (art. I, [formerly] § 13) an indigent defendant in a criminal prosecution for a misdemeanor, of whatever degree or type, is entitled to representation by counsel."].)[10]  We have put the point plainly:  the "actual imprisonment" standard "is not the law in California.  In this state, a person charged with a misdemeanor has a right to counsel regardless of whether a jail

_____

The court held that neither the federal nor the state Constitution conferred a right to appellate counsel under those circumstances.  The question here is meaningfully different; we are not concerned with the scope of a misdemeanor defendant's right to the assistance of counsel to challenge a conviction resulting only in a small fine, but instead with a defendant's right to counsel's help in defending a favorable suppression ruling against the prosecution's appellate challenge.

[10]     The provision at issue in *Mills* and *Rodriguez* was later renumbered and reworded as part of a comprehensive constitutional revision adopted by voters in 1974. (Prop. 7, Gen. Elec. (Nov. 5, 1974).)  The right to counsel and its companion rights were moved from article 13 to article 15 in the state Constitution, and they were reworded to apply in "a criminal cause" rather than in "criminal prosecutions, in any court whatever."  (Cal. Const. Revision Com., Proposed Revision (1971) pt. 5, p. 24.)  The history is clear, however, that this revision was not intended to diminish the right to counsel. (See Cal. Const. Revision Com. com. at p. 24 [commission recommends retaining the "significant criminal procedure provisions" contained in art. 1, former § 13, adding an express right to confront witnesses, and deleting obsolete provisions].)

term actually is, or even could be, imposed." (*Salas v. Cortez* (1979) 24 Cal.3d 22, 27, fn. 2.) Consistent with that understanding, this court has read the statutes implementing the constitutional declaration to require that a misdemeanor defendant be informed of the right to counsel at arraignment and that a lawyer then be appointed if the defendant desires and is unable to employ counsel, regardless of whether a sentence of imprisonment may ultimately be imposed. (*Johnson, supra*, 62 Cal.2d at pp. 329–330; see Pen. Code, §§ 858, subd. (a), 987, subd. (a); see also *Tracy v. Municipal Court* (1978) 22 Cal.3d 760, 766 [by statute, misdemeanor defendants entitled to counsel even though charged offenses are punishable only by a fine and not imprisonment].) Respondent offers no reason to reconsider our understanding of the reach of the state counsel guarantee as extending to misdemeanor defendants like Lopez.

## VI.

Having concluded that Lopez has a right to appointed counsel in the present appeal, the question remains whether the appellate division must appoint a new attorney to represent her, as petitioner had argued below, or whether the public defender continues to represent her pursuant to the original appointment. The Court of Appeal did not resolve this issue because it ruled that Lopez did not have a right to appointed counsel. We leave it to the Court of Appeal to resolve this issue in the first instance. We reverse the judgment of the Court of

Appeal and remand for further proceedings consistent with this opinion.

**KRUGER, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Gardner v. Appellate Division of Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 17 Cal.App.5th 636
**Rehearing Granted**

_____

**Opinion No.** S246214
**Date Filed:** March 28, 2019

_____

**Court:** Superior
**County:** San Bernardino
**Judge:** Michael A. Knish, Annemarie G. Pace and Carlos M. Cabrera

_____

**Counsel:**

Phyllis K. Morris and Christopher Gardner, Public Defenders, and Stephan J. Willms, Deputy Public Defender, for Petitioner.

Steven Harmon, Public Defender (Riverside) and Laura Arnold, Deputy Public Defender, for Law Offices of the Public Defender County of Riverside and California Public Defenders Association as Amici Curiae on behalf of Petitioner.

O'Melveny & Myers, Brett J. Williamson and Ryan W. Rutledge for the Innocence Project, the California Innocence Project, the Project for the Innocent at Loyola Law School, the Northern California Innocence Project, the University of San Francisco Criminal & Juvenile Justice Clinic, the American University Washington College of Law Criminal Justice Clinic, Professor Lara Bazelon and Professor Jenny Roberts as Amici Curiae on behalf of Petitioner.

Robert L. Driessen for Respondent.

No appearance for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Stephan J, Willms
Deputy Public Defender
8303 Haven Avenue, Third Floor
Rancho Cucamonga, CA  91730
(909) 476-2206

Robert L. Driessen
Superior Court of San Bernardino, Appellate Division
8303 Haven Avenue
Rancho Cucamonga, CA  91730
(909) 708-8869