Filed 9/30/20  P. v. Gonzalez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B300393 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA068135) |
| v. | |
| ALBERTO GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Alberto Gonzalez, who was convicted of second degree murder after a 2003 jury trial, appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1] In his form petition, he asserted he was convicted of felony murder or murder under a natural and probable consequences theory, and he could not now be convicted of murder because of changes to sections 188 and 189, which became effective January 1, 2019. He contends he made a prima facie showing below that he is entitled to relief, and the trial court erred in summarily denying his petition without appointing counsel to represent him and without issuing an order to show cause and holding an evidentiary hearing. He also challenges, on hearsay grounds, the trial court's reliance on the appellate opinion from his direct appeal in determining he is not entitled to relief under section 1170.95. We reject Gonzalez's contentions of error and affirm the order denying his petition for resentencing, as the record of his conviction and the trial court's file establish he was convicted of murder as a direct aider and abettor, a theory of murder that is still viable after the amendment of sections 188 and 189.

## BACKGROUND

In July 2003, an information charged Gonzalez and his codefendant, Gustavo Reyes, with one count of murder (§ 187, subd. (a)) and one count of attempted murder (§§ 664 & 187, subd. (a)), committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)). The information also alleged that codefendant Reyes personally and intentionally discharged a handgun, and that a principal

---

[1] Further statutory references are to the Penal Code.

personally and intentionally discharged a handgun, in the commission of both offenses.  (§ 12022.53, subds. (b), (c) & (d).)

At the jury trial in December 2003, the prosecution presented evidence that the charged offenses involved a drive-by shooting, committed by gang members (Gonzalez and Reyes) against rival gang members.  Under the prosecution's theory, Gonzalez was the driver and codefendant Reyes was the shooter, who fired several shots out the window of a van at a group of men, killing one.  (*People v. Reyes & Gonzalez* (Mar. 3, 2005, B174355) [nonpub. opn.], pp. 3-5 (*Gonzalez*).)[2]

The trial court instructed the jury on theories of murder liability applicable to the actual killer (i.e., the shooter, Reyes) and the direct aider and abettor of the murder (i.e., the driver, Gonzalez).  In particular, the court instructed the jury with CALJIC No. 3.01 (Aiding and Abetting--Defined), CALJIC No. 8.10 (Murder--Defined [Penal Code § 187]), CALJIC No. 8.11 ("Malice Aforethought"--Defined), CALJIC No. 8.20 (Deliberate and Premeditated Murder), and CALJIC No. 8.31 (Second Degree Murder--Killing Resulting From Unlawful Act Dangerous to Life).  The court did not instruct the jury on felony murder liability and expressly declined to instruct the jury on aiding and abetting under the natural and probable consequences doctrine (CALJIC No. 3.02), denying the prosecution's request for CALJIC

_____

[2] The cited opinion is from Gonzalez's direct appeal from his judgment of conviction.  As explained more fully below, a court may consider the record of the conviction, including the opinion from the direct appeal, in evaluating a petition under section 1170.95 and determining the theory of liability under which the petitioner was convicted of murder.  (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138, review granted Mar. 18, 2020, S260598 (*Lewis*).)

3

No. 3.02 on the ground the instruction was not "indicated in this instance."[3]

The jury found Gonzalez guilty of second degree murder and attempted murder and found true the gang and principal firearm use enhancement allegations, as to both offenses. On March 25, 2004, the trial court sentenced Gonzalez to 72 years to life in state prison: 15 years to life for the murder, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d); and the middle term of seven years for the attempted murder, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)). (*Gonzalez, supra*, B174355, p. 2.)[4]

Gonzalez appealed, and this court affirmed his judgment of conviction. In that direct appeal, among other contentions not relevant here, Gonzalez contended insufficient evidence supported the finding he aided and abetted Reyes in committing the murder and attempted murder. (*Gonzalez, supra*, B174355, p. 3.) This court rejected Gonzalez's contention, concluding substantial evidence established a rational trier of fact could find

---

[3] We granted the Attorney General's request for judicial notice of: (1) the above-referenced jury instructions given at Gonzalez and Reyes's trial; (2) the portion of the reporter's transcript from the trial where the court denied the prosecution's request that CALJIC No. 3.02 be given to the jury; and (3) the opinion from Gonzalez and Reyes's direct appeal from the judgment of conviction.

[4] The jury also found Reyes guilty of second degree murder and attempted murder and found true the gang and personal firearm use enhancement allegations, as to both offenses. (*Gonzalez, supra*, B174355, p. 2.)

beyond a reasonable doubt that Gonzalez aided and abetted the murder and attempted murder. (*Id.* at pp. 14, 15-16.)

On April 15, 2019, Gonzalez, representing himself, filed a form petition for resentencing under section 1170.95, a statute which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the court to have the murder conviction vacated and to be resentenced, if the person could not be convicted of murder today in light of amendments to sections 188 and 189. Senate Bill No. 1437, which added section 1170.95 and amended sections 188 and 189, was enacted in 2018 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).)

In his form petition, Gonzalez checked boxes stating, in pertinent part, that he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony murder doctrine and he could not now be convicted of murder because of changes to sections 188 and 189, effective January 1, 2019. Gonzalez did *not* check the box requesting the trial court appoint counsel to represent him in connection with his petition.

On June 28, 2019, the trial court issued a minute order, denying Gonzalez's petition for resentencing without appointing counsel for him or holding a hearing. In the minute order, the court noted that at Gonzalez's trial, the jury was instructed that Gonzalez could be found guilty of murder as a direct aider and

abettor.  The trial court also quoted the portion of the opinion from Gonzalez's direct appeal where this court rejected Gonzalez's challenge to the sufficiency of the evidence supporting the finding that he aided and abetted Reyes in committing the murder and attempted murder.  For these reasons, the court concluded Gonzalez did not qualify for resentencing under section 1170.95.[5]

## DISCUSSION

Gonzalez contends he made a prima facie showing that he is entitled to relief under section 1170.95, and the trial court erred in summarily denying his petition for resentencing without issuing an order to show cause and holding an evidentiary hearing.  As part of this contention, he argues the trial court relied on inadmissible hearsay in this court's opinion from his direct appeal in determining he is not entitled to relief under section 1170.95.  He also contends the trial court erred in denying his petition without appointing counsel to represent him.

---

[5] The trial court summarized the evidence presented at Gonzalez's trial, based on this court's appellate opinion from the direct appeal, and also found Gonzalez was not entitled to relief under section 1170.95 because he "was a major participant in the underlying felony and acted with reckless indifference to human life" within the meaning of section 189, subdivision (e)(3), a statutory provision added by Senate Bill No. 1437.  It is not clear what "felony" the trial court was referring to here, as section 189, subdivision (e)(3) relates to the underlying felony in a felony murder, a theory of liability the prosecution did not advance at trial, based on the record of conviction and the trial court's file, including the jury instructions given and this court's opinion in the direct appeal.

6

## I.  Section 1170.95's Requirements

Under section 1170.95, subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶]  (3)  The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

In amending section 188, Senate Bill No. 1437 added the following provision:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)  To prove liability for murder as a direct aider and abettor—a theory that is still viable after Senate Bill No. 1437's amendment of section 188—the prosecution must show the defendant acted with knowledge of the perpetrator's criminal purpose and with the intent of committing, encouraging, or facilitating commission of the offense.  (See *People v. McCoy* (2001) 25 Cal.4th 1111, 1117-1118.)

Senate Bill No. 1437 also added subdivision (e) to section 189 (the statute that codified the felony murder rule), providing: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a)[6] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.) Section 189, subdivision (e)(3) is not relevant to our analysis—notwithstanding the trial court's citation to this statutory provision—as the record of Gonzalez's conviction establishes he was not convicted of felony murder.[7]

---

[6] Subdivision (a) of section 189 provides: "All murder that is perpetrated by means of a destructive device or explosive, a weapon of mass destruction, knowing use of ammunition designed primarily to penetrate metal or armor, poison, lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or that is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 287, 288, or 289, or former Section 288a, or murder that is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree."

[7] Accordingly, Gonzalez's assertion he is entitled to an evidentiary hearing on his petition at which he may present evidence that he was not a major participant in the underlying

8

Subdivision (b) of section 1170.95 sets forth the filing and service requirements of a petition for resentencing and states that the petition must include the following:  (1) a declaration by the petitioner that he or she is eligible for relief under the statute; (2) the superior court case number and year of conviction; and (3) an indication as to whether the petitioner requests appointment of counsel.  There is no dispute as to Gonzalez's compliance's with subdivision (b).  As set forth above, Gonzalez indicated he did *not* request appointment of counsel in connection with his petition by declining to check the box requesting the trial court appoint counsel to represent him.

A trial court that receives a petition for resentencing under section 1170.95 must follow these steps:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

At the evidentiary hearing on the order to show cause "to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the

---

felony who acted with reckless indifference to human life misses the mark.  This was never prosecuted as a felony murder case.  Thus, Gonzalez was not convicted of felony murder.

9

prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (§ 1170.95, subd. (d)(3).)

## II.   Gonzalez Did Not Make a Prima Facie Showing That He Is Entitled to Relief Under Section 1170.95

Gonzalez asserts that in his form petition for resentencing he "pleaded facts that, if true, entitle him to relief" within the meaning of section 1170.95, subdivision (c), triggering his entitlement to the evidentiary hearing described in subdivision (d).  He argues that the trial court's review of his prima facie showing under subdivision (c) begins and ends with consideration of his form petition because, in his words, "subdivision (c), unlike subdivision (d), does not authorize resentencing courts to review the record of conviction in determining whether to issue an order to show cause."  He acknowledges, however, that several divisions of this appellate district, including ours, have published decisions that disagree with his interpretation of subdivision (c), concluding that a trial court may consider the record of conviction in evaluating the petitioner's prima facie showing.  (See, e.g., *Lewis*, *supra*, 43 Cal.App.5th at p. 1138, review granted; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410.)

In *Lewis*, *supra*, 43 Cal.App.5th 1128, review granted, this division explained:  "Allowing the trial court to consider its file and the record of conviction is . . . sound policy.  As a respected

10

commentator has explained: 'It would be a gross misuse of judicial resources to require the issuance of an order to show cause or even appointment of counsel based solely on the allegations of the petition, which frequently are erroneous, when even a cursory review of the court file would show as a matter of law that the petitioner is not eligible for relief. For example, if the petition contains sufficient summary allegations that would entitle the petitioner to relief, but a review of the court file shows the petitioner was convicted of murder without instruction or argument based on the felony murder rule or [the natural and probable consequences doctrine], . . . it would be entirely appropriate to summarily deny the petition based on petitioner's failure to establish even a prima facie basis of eligibility for resentencing.' (Couzens et al., Sentencing Cal. Crimes [The Rutter Group 2019] ¶ 23:51(H)(1), pp. 23–150 to 23–151.) We agree with this view and, accordingly, conclude that the court did not err by considering our opinion in defendant's direct appeal in evaluating his petition." (*Id.* at p. 1138.) We will adhere to *Lewis,* pending guidance from our Supreme Court.

The jury instructions given at Gonzalez's trial, which are part of the trial court's file in this case, demonstrate Gonzalez was prosecuted and convicted under a direct aider and abettor theory of murder liability. (See CALJIC Nos. 3.01 [Aiding and Abetting--Defined], 8.10 [Murder--Defined (Penal Code § 187)], 8.11 ["Malice Aforethought"--Defined], 8.20 [Deliberate and Premeditated Murder] & 8.31 [Second Degree Murder--Killing Resulting From Unlawful Act Dangerous to Life].) The trial court did not instruct the jury on felony murder and expressly declined to instruct on aiding and abetting under the natural and probable consequences doctrine (CALJIC No. 3.02).

11

The opinion from Gonzalez's direct appeal, which is part of the record of conviction, also demonstrates Gonzalez was convicted as a direct aider and abettor of the murder. In the opinion, this court rejected Gonzalez's contention there was insufficient evidence supporting the jury's finding that he aided and abetted Reyes in committing the murder and attempted murder, specifically addressing the state of the evidence regarding Gonzalez's knowledge of Reyes's plan to shoot the victim. (*Gonzalez*, *supra*, B174355, pp. 3, 14, 15-16.) By raising this contention in his direct appeal, Gonzalez acknowledged the jury found him guilty of murder as a direct aider and abettor and not under some other theory of liability (i.e., felony murder or murder under the natural and probable consequences doctrine). Gonzalez's objection, on hearsay grounds, to consideration of the appellate opinion in this manner is without merit. The opinion is relied on for a nonhearsay purpose—to determine under what theory Gonzalez was convicted of murder. (See *People v. Woodell* (1998) 17 Cal.4th 448, 460 ["The admissibility of an appellate opinion used for this nonhearsay purpose does not turn on whether each factual statement in that opinion comes within an exception to the hearsay rule but on whether the opinion logically shows what the original trial court found was the basis of the conviction"].)[8]

---

[8] Gonzalez challenges, on hearsay grounds, the trial court's summary of the evidence presented at trial, taken from this court's opinion, to support the trial court's finding that he "was a major participant in the underlying felony and acted with reckless indifference to human life" within the meaning of section 189, subdivision (e)(3). As explained above, section 189, subdivision (e)(3) is not relevant to our analysis because section 189 is the statute that codified the felony murder rule, and the

12

Because the trial court's file and the record of conviction demonstrate Gonzalez is not entitled to relief under section 1170.95 as a matter of law because he was convicted of murder as a direct aider and abettor, the trial court did not err in denying his petition for resentencing without issuing an order to show cause and holding an evidentiary hearing.

## III. Gonzalez Was Not Entitled to Appointment of Counsel

As set forth above, section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In *Lewis*, *supra*, 43 Cal.App.5th 1128, review granted, this division concluded "the trial court's duty to appoint counsel [under section 1170.95, subdivision (c)] does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute." (*Id.* at p. 1140.)

---

trial court's file and the record of conviction demonstrate Gonzalez was not convicted of felony murder.  Accordingly, we need not address Gonzalez's argument that the trial court impermissibly relied on hearsay in this court's opinion in making a finding that is inapplicable to this case.

Where a petitioner fails to make a prima facie showing that section 1170.95 applies to the murder conviction, the petitioner is not entitled to the appointment of counsel. (*Lewis*, at p. 1140; accord, *Verdugo*, *supra*, 44 Cal.App.5th at p. 323, review granted ["the relevant statutory language, viewed in context, makes plain the Legislature's intent to permit the sentencing court, before counsel must be appointed, to examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95"].)

Even if Gonzalez had requested the appointment of counsel in his petition for resentencing—which he did not—we would conclude he was not entitled to such appointment because he failed to make a prima facie showing that section 1170.95 applied to his murder conviction, as discussed above.

The First District Court of Appeal, disagreeing with *Lewis* and *Verdugo*, recently held "a petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief [within the meaning of section 1170.95, subdivision (b)] that requests counsel be appointed." (*People v. Cooper* (Sept. 1, 2020, A156880) ____ Cal.App.5th ____ [2020 WL 5175210, 10].) We respectfully disagree with *Cooper's* holding, which cannot be harmonized with a plain reading of the statute. If a facially sufficient petition within the meaning of subdivision (b) gives rise to a requirement for appointment of counsel, subdivision (b) would so state. Instead, the Legislature placed the appointment of counsel requirement in subdivision (c), as the next step *after* the trial court's review of the petition to determine if the petitioner has made a prima facie showing that petitioner falls within the provisions of section 1170.95. We will adhere to *Lewis*, pending

14

guidance from our Supreme Court. But even if we were to apply *Cooper*'s holding to the facts of this case, we would not reverse the order denying Gonzalez's petition on the ground the trial court did not appoint counsel to represent him because Gonzalez did not request the appointment of counsel in his petition.

Gonzalez argues, regardless of whether he requested counsel below under subdivision (c) of section 1170.95, he had a constitutional right to the appointment of counsel, which was triggered at the time he filed his petition for resentencing, because it was a " 'critical stage[]' of the criminal process." A critical stage, at which a defendant has a state and federal constitutional right to be represented by counsel, "can be understood as those events or proceedings in which the accused is brought in confrontation with the state, where potential substantial prejudice to the accused's rights inheres in the confrontation, and where counsel's assistance can help to avoid prejudice." (*Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1004-1005.)

The stage at which the trial court denied Gonzalez's petition for resentencing does not constitute a critical stage of the criminal process, as defined in case law and set forth above. There was no confrontation with the state; indeed, the prosecution was not even involved at the stage the trial court denied the petition. Nor was there the potential for substantial prejudice to Gonzalez's rights. The trial court determined Gonzalez was ineligible for relief as a matter of law. Thus, our review on appeal is de novo. (*In re Richards* (2012) 55 Cal.4th 948, 960 [questions of law are reviewed de novo].) In any case, he was not prejudiced. Gonzalez is represented by appointed counsel on appeal, and he has had a full opportunity to present,

15

through counsel, whatever arguments he believes he was unable to assert below when he was unrepresented.

Moreover, because the retroactive relief provided by section 1170.95 represents an act of lenity by the Legislature, a petitioner has no constitutional right to representation by counsel during the proceedings. (Cf. *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156 [no right to jury trial in proceedings under Senate Bill No. 1437 because its retroactive relief is "an act of lenity that does not implicate defendants' Sixth Amendment rights"], citing *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064; *Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [prisoners have no constitutional right to counsel "when mounting collateral attacks upon their convictions"].)

For the foregoing reasons, the trial court did not err in summarily denying Gonzalez's petition for resentencing under section 1170.95 without appointing counsel to represent him and without issuing an order to show cause and holding an evidentiary hearing.

## DISPOSITION

The June 28, 2019 order denying Gonzalez's petition for resentencing is affirmed.

NOT TO BE PUBLISHED

                                        CHANEY, J.

We concur:

    ROTHSCHILD, P. J.                BENDIX, J.

16